**Fred T. Calvert, Administrator of the Estate of Alma Lee Morgan, Deceased, Plaintiff-Appellant, v. Richard L. Morgan, Administrator of the Estate of Shirley F. Morgan, Deceased, Defendant-Appellee.**

### Gen. No. 11,704.

Second District, First Division.

April 30, 1963.

John A. Murchison, of Joliet, for appellant.

Galowich & Galowich, of Joliet (Jerald S. Galowich, of counsel), for appellee.

McNEAL, P. J.

Fred T. Calvert, Administrator of the Estate of Alma Lee Morgan, deceased, brought this action against Richard L. Morgan, Administrator of the Estate of Shirley F. Morgan, deceased, to recover damages for the alleged wrongful death of Alma Lee Morgan. The complaint alleged that on December 20, 1961, Shirley F. Morgan shot and killed his wife, Alma Lee Morgan, and then took his own life. Alma Lee Morgan left as her next of kin Barbara and Peggy Clausel, who were her daughters by a former marriage and were dependent upon her for their support and education.

Defendant filed an answer denying some of the allegations in the complaint, and thereafter filed a motion for summary judgment supported by affidavits. The grounds specified in the motion are that under section 1 of the Married Women's Act (Ill Rev Stats 1961, c 68, § 1), one spouse cannot sue the other for a tort to the person committed during coverture, and that the Wrongful Death Act (Ill Rev Stats 1961, c 70, § 1) gives a cause of action only if the injured person could have maintained an action if death had not ensued. In other words, the defense contended that the wife could not have maintained an action if she had lived, and consequently her children cannot maintain the present action. The circuit court granted defendant's motion for summary judgment, entered final judgment for defendant, and this appeal followed.

The Supreme Court of Illinois has dealt with the problem involved in this case, and closely related prob-

lems, in a number of recent decisions. The facts involved in Welch v. Davis, 410 Ill 130, 139, 101 NE2d 547, and the contentions advanced, were virtually identical with the facts and contentions in the instant case. In the Welch case, the husband shot his wife and then killed himself. A wrongful death action was brought by the administrator of the wife's estate on behalf of the wife's minor daughter by a previous marriage. The circuit court of Shelby County and the Appellate Court held that the wife could not have sued her husband in tort and that consequently the wrongful death action would not lie. After an exhaustive analysis of the authorities upon the subject, the Supreme Court reversed and held that the action by the administrator to recover damages for the pecuniary loss suffered by the daughter was not within the contemplation of the common law rule that a wife cannot sue her husband.

In Brandt v. Keller, 413 Ill 503, 513, 109 NE2d 729, the Supreme Court held that the Married Women's Act removed the wife's common law disability with reference to suing her husband in tort, but subsequent to this decision the legislature amended the statute so that it expressly provides that one spouse cannot sue the other for a tort to the person committed during coverture. Laws 1953, p 437, Par 1.

Following the amendment to the statute, the Supreme Court decided in Bradley v. Fox, 7 Ill2d 106, 109, 129 NE2d 699, that a wrongful death action could be maintained on behalf of a wife's daughter by a former marriage against the husband for wrongfully killing the wife. The Court said:

> "With reference to plaintiffs' claim for damages for the murder of Matilda Fox, this court has determined that under the Wrongful Death Act, (Ill Rev Stats 1953, c 70, § 2), where a husband unlawfully kills his wife, the administrator of the

estate of the wife may maintain an action against the husband, or his estate, for pecuniary loss suffered by the children through the unlawful killing of the mother. (Welch v. Davis, 410 Ill 130.) This ruling moreover is in accordance with judicial opinion in other jurisdictions. 28 ALR2d 666, and cases cited; Robinson v. Robinson, 188 Ky 49, 220 SW 1074; Deposit Guaranty Bank & Trust Co. v. Nelson, 212 Miss 335, 54 So2d 476."

In Heckendorn v. First Nat. Bank of Ottawa, 19 Ill2d 190, 166 NE2d 571, cert den 5 L Ed2d 104, the Supreme Court held that section 1 of the Married Women's Act (Ill Rev Stats 1957, c 68, § 1) prevented the wife from suing her husband's estate for a tort committed during coverture. The statute prevents one spouse from suing the other in tort, and the Supreme Court has determined that this statute also applies to such actions brought against the estate of a deceased spouse.

■■ However, we do not believe that the legislature intended that the statute should be extended so as to cover actions brought upon behalf of the children of a deceased spouse. Such a construction would result in grave injustice in the case at bar and would be contrary to the decisions of the Supreme Court in Welch v. Davis, 410 Ill 130, 139, 101 NE2d 547, and Bradley v. Fox, 7 Ill2d 106, 109, 129 NE2d 699.

Accordingly it is our conclusion that the circuit court of Will County erred in granting defendant's motion for summary judgment, and that the judgment of that court should be and it hereby is reversed, and this cause is remanded for trial.

Reversed and remanded.

DOVE and SMITH, JJ., concur.