THE HERGET NATIONAL BANK OF PEKIN, Adm'r of the Estate of Betty L. Petri, Deceased, Plaintiff-Appellant, *v.* JOSEPH BERARDI, Ex'r of the Estate of Darolde J. Petri, Deceased, Defendant-Appellee.

(No. 74-211; )

Third District—August 30, 1975.

Heyl, Royster, Voelker & Allen, of Peoria, and Frings, Hoffman & Bagley, of Pekin (James Bowles, of counsel), for appellant.

McConnell, Kennedy, McConnell & Morris, of Peoria, and Lord, Bissell & Brook, of Chicago (Hugh Griffin, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an action for the wrongful death of Betty L. Petri against the executor of the estate of her husband, Darolde J. Petri, for the benefit of her three surviving children. Mr. and Mrs. Petri, residents of Illinois, were both killed February 2, 1972, when an aircraft piloted by Mr. Petri crashed within Warren County, Tennessee. Plaintiff-administrator's complaint alleged a cause under the death statute (Ill. Rev. Stat., ch. 70, § 1) which recites:

"Whenever the death of a person shall be caused by wrongful act * * * and the act * * * is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then * * * the person who * * * would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured * * *."

Agreeing that Illinois law is applicable, defendant filed a motion to dismiss with prejudice by reason of the interspousal immunity provisions added in 1953 to the married women's act (Ill. Rev. Stat., ch. 68, § 1) that "neither husband nor wife may sue the other for a tort to the person committed during coverture." Concluding that "the party injured," *i.e.*, Mrs. Petri, would not have been entitled to maintain an action against her husband, "if [her] death had not ensued," the circuit court ordered the complaint dismissed with prejudice. Plaintiff appeals.

The single issue in this appeal is whether the foregoing provision of the married women's act which would have precluded the wife, had she survived, from suing her husband or his estate for a tort committed during coverture, also precludes her personal representative, where her death ensued from such injuries, from recovering from her spouse or his estate under the death statute, for the use and benefit of her children.

■■ At common law, a married woman had no separates identity; her husband owned her property. Accordingly, the husband was immune from suits by his wife since any recovery would be his, and in enforcing her rights he would in effect be suing himself. In 1874, the rights of married women in Illinois were broadened by the married women's act which originally provided only that a married woman could own property and sue and defend in her own name; the interspousal immunity language was not an original provision. Thereafter in *Welch v. Davis*, 410 Ill. 130, 101 N.E.2d 547 (1951), the supreme court was called upon to decide whether the personal representative of a decedent wife who had been shot and killed by her husband could recover under the death statute from the husband's estate for the benefit of the wife's minor daughter by a former marriage, the mother having been the daughter's sole source of support. The lower court had held the action barred on the grounds that the married women's act had not abolished the husband's common law immunity from suits by his wife for torts committed during coverture, and that since the wife could not have sued for injuries had she survived, there could be no recovery under the Wrongful Death Act. By unanimous opinion, the supreme court reversed, stating, however, that "it is unnecessary to consider whether, under any and all circumstances, the common law immunity of the husband survives despite the Married Women's Act. For, *whatever may be the present vitality of that immunity* in other contexts, *no reason exists for reading it into the Wrongful Death Act* to bar recovery in this case." (Emphasis added). (410 Ill. 130, 131-32.) Referring to the language of the death statute, the court then said that it "prevents automatic recovery for every death [by incorporating] into the statutory right of action the familiar concepts of tort liability,—negligence, contributory negligence, and the like" (410 Ill. 130, 131-32), *but not the*

*personal disabilities arising from the relationship of the injured party and tort-feasor.* The supreme court's rationale in *Welch* provoked no legislative response; the case did not dilute the concept of interspousal immunity, but decided only that such disability, as this principle might impose on the wife, had she survived, would not impair the right to recovery under the death statute for the independent wrong.

In so holding our supreme court accepted the rationale of *Kaczorowski v. Kalkosinski,* 321 Pa. 438, 184 A. 663 (1936), where the Pennsylvania court said of a similar death statute that the right of action for dependents of the decedent while derivative from decedent's cause is derivative only in the sense that it has its basis *in the same tortious act* which would have supported the decedent's own cause of action had she survived and been under no personal legal disability. But it is not, said the court, derivative from the person of the deceased and *is not,* therefore, *affected* by her own *personal disability* arising solely from her personal relationship to the tort-feasor. It was held that the purpose of the death statute was to compensate, not for the pain and suffering or medical expense of the deceased wife, but for the *independent wrong* to the parties named.

Subsequently, however, in *Brandt v. Keller,* 413 Ill. 503, 109 N.E.2d 729 (1952), a divided court decided that the 1874 married women's act had wholly abrogated the husband's common law immunity from tort suits brought by his wife. Neither the rationale of *Welch,* nor the construction of the death statute was involved in this holding. Husband and wife in the *Brandt* case had been estranged for a considerable period and met on a particular occasion to discuss a divorce. While riding as a guest passenger of her husband during this meeting, the wife was injured in a collision for which, subsequent to the divorce, she brought the suit against her husband for damages alleging wilful and wanton misconduct. By construing the married women's act as a legislative abolition of any common law interspousal immunity, the supreme court overturned the decision of the lower court which had held the wife's action barred by her husband's common law immunity. This holding, and not the rationale in *Welch,* appears to have resulted in a legislative response, by which, in 1953, the married women's act was amended to include the present interspousal immunity proviso.

Because the holding in *Welch* was rested upon a rationale wholly independent of the question of whether interspousal immunity was still a viable principle of law, it seemed doubtful that the legislative confirmation of its viability by the 1953 amendment to the married women's act following *Brandt* would in any way affect the interpretation of the death statute as set forth in *Welch.* Two subsequent cases establish the validity of this observation. In *Bradley v. Fox,* 7 Ill.2d 106, 129 N.E.2d 699 (1955),

and in *Calvert v. Morgan,* 41 Ill.App.2d 23, 190 N.E.2d 1 (2d Dist. 1963), the courts confirmed the *Welch* rationale and in both cases allowed the personal representative of a deceased wife to recover from the husband or his estate for the benefit of surviving children of the wife. McNeal, P.J., stated in *Calvert*:

> "[W]e do not believe that the legislature intended that the [interspousal immunity] statute should be extended so as to cover actions brought upon behalf of the children of a deceased spouse. Such a construction would result in grave injustice * * * and would be contrary to the decisions of the Supreme Court in [*Welch* and *Bradley*]." (41 Ill.App.2d 23, 26.)

Since the plaintiffs in a wrongful death action do not inherit the deceased's cause of action, there is no reason they should inherit the deceased's personal disability to sue.

The cases of *Heckendorn v. First National Bank,* 19 Ill.2d 190, 166 N.E.2d 571 (1960), and *Wartell v. Formusa,* 34 Ill.2d 57, 213 N.E.2d 544 (1966), upon which defendant relies, are not in point. Both cases involve only the question of whether the statutory interspousal immunity proviso should be construed as precluding the wife from recovering for her own injuries from her husband's estate where the marriage relationship has terminated by his death. Both cases hold that the action is barred. Neither case involves the right of a wife's administrator to recover *under the death statute* for the independent wrong to her surviving dependents.

The judgment of the circuit court was erroneous and is reversed; the cause is remanded for further proceedings on plaintiff's complaint.

Reversed and remanded.

STOUDER and STENGEL, JJ., concur.