(No. 47972.—

THE HERGET NATIONAL BANK OF PEKIN, Adm'r, Appellee, v. JOSEPH BERARDI, Ex'r, Appellant.

*Opinion filed Oct. 1, 1976.—Rehearing denied Nov. 12, 1976.*

468

McConnell, Kennedy, McConnell & Morris, of Peoria, and Lord, Bissell & Brook, of Chicago (W. Thomas Johnston, Fred C. Begy III, and Hugh C. Griffin, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, of Peoria, and Frings, Hoffman & Bagley, of Pekin (James E. Bowles, John R. Bagley, and B. Douglas Stephens, Jr., of counsel), for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

On February 2, 1972, an airplane piloted by Darolde J. Petri crashed in Warren County in Tennessee, killing him and his wife, Betty L. Petri, who was a passenger. The plaintiff, the Herget National Bank, as the administrator of the estate of Betty L. Petri, brought an action under the Wrongful Death Act (Ill. Rev. Stat. 1973, ch. 70, pars. 1 and 2) in the circuit court of Tazewell County for the benefit of its decedent's surviving minor children, Mark R. Petri, Julie J. Petri and Todd M. Petri, naming Joseph Berardi, the executor of the estate of Darolde J. Petri, as the defendant. The complaint was in two counts, alleging both negligence and willful and wanton conduct on the part of the defendant's decedent, Darolde J. Petri, in the operation of the plane.

The circuit court allowed the defendant's motion to dismiss the complaint with prejudice under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48), but the appellate court reversed and remanded the cause, holding that the administrator of the wife's estate was not precluded from maintaining the wrongful death action against her late husband's executor (31 Ill. App. 3d 608). We allowed defendant's petition for leave to appeal.

The defendant's argument that the complaint was properly dismissed is based on two statutes: Section 1 of "An Act to revise the law in relation to husband and wife" (hereafter, the Married Woman's Act) (Ill. Rev. Stat. 1973, ch. 68, par. 1), and the Wrongful Death Act (Ill. Rev. Stat. 1973, ch. 70, pars. 1 and 2). The relevant portion of the Married Woman's Act states: "[P]rovided, that neither husband nor wife may sue the other for a tort to the

person committed during coverture." (Ill. Rev. Stat. 1973, ch. 68, par. 1.) The Wrongful Death Act provides:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony." Ill. Rev. Stat. 1973, ch. 70, par. 1.

The defendant contends that since the Married Woman's Act prohibits one spouse from suing the other for a tort committed during coverture, the present action is barred, because the language of the Wrongful Death Act requires that in order to bring the statutory action the party would have had to have been entitled to have maintained an action had death not ensued. The parties agree that Mrs. Petri could not have maintained an action against her husband or his estate had she survived the crash.

At common law a wife could not maintain an action against her husband (nor a husband against his wife), because, it was reasoned, of the union created by the marital relationship. "Husband and wife were one at common law, it has been said, and the husband was that one. The wife could own no separate property, nor could she maintain an action independently. Whatever rights of action she might have were enforceable only by her husband. 1 Blackstone's Commentaries, (Wendell's Ed.) 441." *Welch v. Davis,* 410 Ill. 130, 133; see also McCurdy, *Personal Injury Torts Between Spouses,* 4 Vill. L. Rev. 303 (1959).

Of course, these disabilities were removed long ago. Beginning in 1844 Married Woman's Acts were enacted in all American jurisdictions which recognized, *inter alia,* the

right of married women to own property independently and to sue in their own names. (W. Prosser, Law of Torts sec. 122 (4th ed. 1971).) The first Married Woman's Act in Illinois was enacted in 1861, and a wife can, *inter alia,* sue in her own name, incur separate debts, enter into contracts and own and convey property in her own name. Ill. Rev. Stat. 1973, ch. 68, par. 1 *et seq.*

In 1952, this court in *Brandt v. Keller,* 413 Ill. 503, held that a wife could bring an action against her husband for negligence which caused her injury. The court considered that language in the Married Woman's Act to the effect that "a married woman may, in all cases, sue and be sued" had abrogated the common law disability. (413 Ill. 503, 512-13.) The General Assembly amended the Married Woman's Act at its next session by adding the provision on which the defendant relies in part: "that neither husband nor wife may sue the other for a tort to the person committed during coverture." (Ill. Rev. Stat. 1953, ch. 68, par 1.) This court in *Heckendorn v. First National Bank,* 19 Ill. 2d 190, 193, considered that this legislative action was in response to the holding in *Brandt.*

However, it must be observed that prior to *Brandt* this court held in a case basically like the one before us that the wife's common law disability had no relevance or application. In 1951, in *Welch v. Davis,* 410 Ill. 130, it was held that the administrator of a wife's estate could maintain a wrongful death action for the benefit of the wife's dependent minor children against the estate of her deceased husband. The husband there had shot and killed his wife and immediately thereafter had killed himself. Although the court recognized that a husband retained an immunity from liability (410 Ill. 130, 134), it judged it would not bar the action. The court observed, as in the case here, that neither the husband nor wife was a party to the suit but instead, the wife's administrator was asserting the independent rights of the wife's surviving child against the husband's executor. 410 Ill. 130, 133-34.

In 1955 in *Bradley v. Fox,* 7 Ill. 2d 106, this court followed its holding in *Welch v. Davis,* saying it had been determined there that the administrator of a wife's estate may maintain an action against the husband's estate for loss suffered by a child through the death of the wife by the husband's wrongful conduct. No reference was made to the statute enacted after *Brandt* barring suits in tort by spouse against spouse, which shows the court's view that the statute had no application. See also *Calvert v. Morgan,* 41 Ill. App. 2d 23, and the annotation in 28 A.L.R.2d 662 (1953), following *Welch v. Davis,* which is reported at 28 A.L.R.2d 656. The annotation, at pages 666-67, notes the "recent and well-reasoned trend *** to allow recovery *** for the benefit of children for damages sustained by reason of the unlawful killing of their mother."

We consider that the case here is governed by our holdings in *Welch* and *Bradley* and that the dismissal by the circuit court was erroneous.

The cases of *Heckendorn v. First National Bank,* 19 Ill. 2d 190, and *Wartell v. Formusa,* 34 Ill. 2d 57, which the defendant cites, are simply not in point. Both cases presented the question as to whether a wife had the right to bring an action against her late husband's estate for a tort committed during coverture. This court held in each case that the action was barred by the amendment enacted after the decision in *Brandt.* These cases are obviously distinguishable from *Welch* and *Bradley.* They involved suits directly by the wife to recover for her own injuries sustained through a tortious act of the husband committed during coverture.

We are not persuaded by the defendant's last contention, which is that as the holdings in *Welch* and *Bradley* involved murders the holdings were intended to be limited to instances of "family murders." These decisions were influenced, he says, by the public policy disfavoring one who murders a member of his own family, citing to section 15a of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par.

15a) (heir who murders an ancestor cannot inherit from that ancestor) and section 49a of the Probate Act (Ill. Rev. Stat. 1975, ch. 3, par. 49a) (legacy or devise to murderer of testator void).

We consider that the murders in *Welch* and *Bradley* were not significant circumstances. The holdings basically were that actions brought for the benefit of surviving children of the deceased mother were not within the contemplation of the rule that a wife cannot sue her husband. Too, the public policy doctrine to which the defendant refers is that no man should be permitted to profit from his own crime or wrongdoing. (*Bradley v. Fox,* 7 Ill. 2d 106, 116; *Illinois Bankers Life Association v. Collins,* 341 Ill. 548, 551-52; *In re Estate of Moses,* 13 Ill. App. 3d 137, 146; Annot., 39 A.L.R.2d 477 (1955).) That is not involved here or in *Welch* or *Bradley*.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*