MARY FRAINEY ZAWASKI, Special Adm'r of the Estate of Patrick J. Frainey, Jr., Deceased, Plaintiff-Appellee, v. LIZABETH B. FRAINEY, f/n/a Lizabeth Klimas, Defendant-Appellant (George H. Echols, Jr., *et al.*, Defendants).

First District (5th Division)   No. 86—87

Opinion filed December 1, 1986.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, J. Scott Myers, Walter S. Calhoun, and Lloyd E. Williams, Jr., of counsel), for appellant.

Baraz & Sotos, of Chicago (Marshall J. Baraz and Victor H. Sotos, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This interlocutory appeal arises from an order of the circuit court of Cook County denying defendant Lizabeth Frainey's motion to dismiss a wrongful death action brought against her by her mother-in-law, plaintiff Mary Frainey Zawaski, as administrator of defendant's late husband's estate on behalf of the minor child of the parties. After entering its order denying the motion to dismiss, the court certified the following question to this court pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308):

"May the Administrator of a decedent's estate maintain a cause of action under the Illinois Wrongful Death Act for the benefit of the decedent's minor child and against a surviving and still living spouse when the decedent himself would have been barred from maintaining an action against his surviving and still living spouse had he lived."

For the reasons set forth below, we answer in the affirmative.

The undisputed facts in this case are as follows. On January 31, 1984, decedent Patrick Frainey, Jr., was a passenger in an automobile being driven by his wife, defendant Lizabeth Frainey. As a result of a collision between defendant's automobile and a vehicle operated by George Echols and owned by John Bohne, defendant's codefendants, Patrick Frainey, Jr., was killed. Decedent's mother, plaintiff Mary Frainey Zawaski, filed an action on behalf of decedent's minor child to recover for pecuniary loss pursuant to the Wrongful Death Act (Ill. Rev. Stat. 1983, ch. 70, pars. 1, 2), charging defendant Frainey with negligence.

In response, defendant filed a section 2—615 motion to dismiss the complaint (Ill. Rev. Stat. 1983, ch. 110, par. 2—615) as to herself, alleging that plaintiff's action was barred by the Wrongful Death Act and "An Act to revise the law in relation to husband and wife" (the Rights of Married Women Act) (Ill. Rev. Stat. 1983, ch. 40, par. 1001). Judge Brian B. Duff granted the motion with prejudice as to defendant. (The cause of action against defendant's codefendants was not dismissed and they are not parties to this appeal.)

Plaintiff subsequently filed a motion for rehearing alleging that Judge Duff misapplied the Wrongful Death Act and the Rights of Married Women Act "which *** [was] contrary to the wording of the act in the case of the Marriage Act, and contrary to case law as to both the Marriage Act and Wrongful Death Act." On May 9, 1985, Judge Thomas R. Rakowski granted plaintiff's motion for rehearing, vacated the order dismissing plaintiff's complaint as to defendant, and denied defendant's motion to dismiss. On December 26, Judge Rakowski entered a further order certifying the above-mentioned question to this court, finding that its prior order involved a question of law as to which substantial grounds existed for a difference of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation. Thereafter, we granted the application for leave to appeal filed by defendant.

On appeal, defendant argues that plaintiff is barred from bringing an action against her pursuant to the Wrongful Death Act because decedent, had he lived, could not have maintained a cause of action by virtue of the proscriptive interspousal immunity provision of the Rights of Married Women Act concerning torts, other than intentional ones, committed by one spouse against the other during coverture. Defendant further contends that since decedent could not have maintained an action had he lived, neither may his minor child because such action is "dependent" upon decedent's claim. On the other hand, plaintiff argues that the Rights of Married Women Act is not to be read into the Wrongful Death Act to bar such an action.

■ We first observe that although plaintiff's claim on behalf of decedent's minor child is derivative of (rather than dependent upon, as defendant argues) decedent's cause of action, it is derivative only in the sense that it has its basis in the *same tortious act* which would have supported decedent's own cause of action had he survived and been under no personal disability. However, plaintiff's claim is not derivative from *the person of decedent* and is not, therefore, affected by decedent's own personal disability arising solely from his personal relationship with defendant. *Herget National Bank v. Berardi* (1975), 31 Ill. App. 3d 608, 335 N.E.2d 39, *aff'd* (1976), 64 Ill. 2d 467, 356 N.E.2d 529; see also *Welch v. Davis* (1951), 410 Ill. 130, 101 N.E.2d 547, citing *Kaczorowski v. Kalkosinski* (1936), 321 Pa. 438, 184 A. 663.

Moreover, our supreme court has held that neither the common law husband's immunity from suit by his wife, nor the Rights of Married Women Act, is to be read into the Wrongful Death Act where suit is brought on behalf of a dependent minor child against his par-

ent based on wilful and wanton conduct. For example, in *Welch v. Davis* (1951), 410 Ill. 130, 101 N.E.2d 547, where a husband murdered his wife and then killed himself, suit was brought by the personal representative of the wife on behalf of the wife's minor daughter by a former marriage. At that time, the Rights of Married Women Act did not contain a specific provision concerning the long-recognized common law rule that a wife could not sue her husband in tort. The trial court dismissed plaintiff's action, which this court later affirmed, based on its interpretation that the legislature intended the Rights of Married Women Act to include the common law bar against such lawsuits. On appeal, our supreme court reversed, stating that whatever vitality of the common law husband's immunity from suit by his wife survived despite the Act, no reason existed for reading it into the Wrongful Death Act; the plaintiff's wrongful death action "derived from the wrongful act causing the death rather than from the person of the deceased." (410 Ill. 130, 139, 101 N.E.2d 547.) Accordingly, the court held that an action by an administrator to recover damages for the pecuniary loss suffered by a minor child as a result of the wilful and wanton conduct of a parent was not within the contemplation of the common law rule that a wife cannot sue her husband.

Notwithstanding amendment of the Rights of Married Women Act after *Welch,* which specifically prohibits spouses from suing each other for nonintentional torts committed during coverture, the rationale of *Welch* has been upheld in *Bradley v. Fox* (1955), 7 Ill. 2d 106, 129 N.E.2d 699, and *Calvert v. Morgan* (1963), 41 Ill. App. 2d 23, 190 N.E.2d 1. In both cases suit was brought on behalf of the decedents' minor children for the unlawful killing of their mothers by the respective spouses. In holding for plaintiffs, each court reiterated the holding of *Welch,* stating that where a husband unlawfully kills his wife, the administrator of the estate of the wife may maintain an action *against the husband, or his estate,* for pecuniary loss suffered by a minor child through the unlawful killing of the mother. We also observe that whether the spouse guilty of the wrongful act survives (as in *Bradley*) or not (as in *Calvert*) is irrelevant since an action may be maintained against *him or his estate.*

We further briefly note that the cases relied upon by defendant in support of her contention that plaintiff's action is barred are factually dissimilar from the present case; all of them involved actions by spouses against each other or against others—not actions by or against minor children. See *Brandt v. Keller* (1952), 413 Ill. 503, 109 N.E.2d 729 (direct suit by wife against husband); *Williams v. Wil-*

*liams* (1982), 108 Ill. App. 3d 936, 439 N.E.2d 1055, *aff'd as modified* (1983), 98 Ill. 2d 128, 455 N.E.2d 1388 (suit between two living spouses); *Castronovo v. Murawsky* (1954), 3 Ill. App. 2d 168, 120 N.E.2d 871 (suit by surviving husband against a defendant who performed an illegal abortion that was voluntarily submitted to by deceased wife).

We also reject defendant's further argument that *Herget National Bank v. Berardi* (1976), 64 Ill. 2d 467, 356 N.E.2d 529, which followed the holdings of *Welch* and *Bradley,* is irreconcilable with *Heckendorn v. First National Bank* (1960), 19 Ill. 2d 190, 166 N.E.2d 571, and *Real v. Kim* (1983), 112 Ill. App. 3d 427, 445 N.E.2d 783, and should not control here. Specifically, defendant contends that *Herget* "appears to be an unexplainable, and unwarranted, relapse from an otherwise consistent application of Section 1 of the Wrongful Death Act"; that the *Herget* court did not "address the specific teachings and rationale of the Court" contained in *Heckendorn*; and that *Herget* is inconsistent "with the long line of Supreme Court holdings, epitomized by this Court's holding in *Real v. Kim,* which reiterate the condition precedent to any administrator's action (as contained in Section 1 of the Act)," *i.e.,* that "there is no right in the administrator to maintain an action unless the deceased had the right to sue at the time of his death" (*Mooney v. City of Chicago* (1909), 239 Ill. 414, 423, 88 N.E. 194).

In *Herget,* a wrongful death action was brought by the estate of a woman on behalf of her minor children against her husband's estate based upon negligence and wilful and wanton misconduct of the husband in operating a plane which crashed and killed both parties. Our supreme court, in affirming this court that the trial court erred in dismissing plaintiff's action pursuant to the interspousal immunity bar of the Rights of Married Women Act, stated as follows:

> "In 1955 in *Bradley v. Fox,* 7 Ill. 2d 106, this court followed its holding in *Welch v. Davis,* saying it had been determined there that the administrator of a wife's estate may maintain an action against the husband's estate for loss suffered by a child through the death of the wife by the husband's wrongful conduct. No reference was made to the statute enacted after *Brandt* [the Rights of Married Women Act] barring suits in tort by spouse against spouse, which shows the court's view that the statute had no application. See also *** the annotation in 28 A.L.R.2d 662 (1953), following *Welch v. Davis,* which is reported at 28 A.L.R.2d 656. The annotation, at pages 666-67, notes the 'recent and well-reasoned trend *** to allow recovery

\*\*\* for the benefit of children for damages sustained by reason of the unlawful killing of their mother.' " *Herget National Bank v. Berardi* (1976), 64 Ill. 2d 467, 472, 356 N.E.2d 529.

The *Herget* court further stated that the *Heckendorn* case, which the defendant relied on, was not on point. There, the issue was whether a wife had the right to bring an action against her late husband's estate for injuries sustained by her as a result of a tortious act committed by her husband during coverture. The court ruled against the plaintiff, holding that the action was barred by the amendment to the Rights of Married Women Act and, accordingly, since the plaintiff was barred from suing her husband by the interspousal immunity provision of the Act while her husband was alive, no action could therefore come into being after his death. Here, we also note that the *Real* case involved a malpractice suit brought against a physician by the wife of the decedent and was dismissed because the statute of limitations had run during decedent's lifetime. The wife therefore could not bring an action which decedent could not have brought. Accordingly, we believe the factual dissimilarities of these cases from *Herget* and the case at bar dispose of defendant's arguments and require no further discussion.

■ In light of the foregoing, we therefore answer the question certified to this court in the affirmative, *i.e.*, the administrator of a decedent's estate can maintain a cause of action under the Wrongful Death Act for the benefit of a decedent's minor child against a surviving spouse/parent who is guilty of wilful and wanton misconduct, notwithstanding that the decedent, had he or she lived, would have been barred by the interspousal immunity provision of the Rights of Married Women Act from maintaining an action against his or her spouse based on negligence committed during coverture.

Our disposition of this matter cannot end here, however. In the cases discussed above in reaching our conclusion, wilful and wanton misconduct was the basis of recovery in each case, except in *Herget*, which also contained a negligence count. Although the court did not specifically indicate which theory it relied on in reaching its holding, we must assume it was based upon wilful and wanton misconduct, rather than mere negligence, where recovery for damages by a child against a parent may or may not be barred by the parent-child tort immunity doctrine. See *Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 131 N.E.2d 525.

■ In the instant case, however, plaintiff's cause of action is based solely on negligence. There is no allegation of wilful and wanton misconduct in the parties' briefs, nor did the parties raise it as an

issue in oral argument before this court. Accordingly, it must be determined whether plaintiff's action is barred by the parent-child tort immunity doctrine. (See *Foley v. Foley* (1895), 61 Ill. App. 577.) Originally, this doctrine provided immunity to parents from tort actions brought by their unemancipated children. (*Larson v. Buschkamp* (1982), 105 Ill. App. 3d 965, 435 N.E.2d 221.) The public policy underlying the doctrine was "to maintain family harmony, to avoid litigation and strife, and to insure a proper atmosphere of cooperation, discipline, and understanding in the family." (*Marsh v. McNeill* (1985), 136 Ill. App. 3d 616, 620, 483 N.E.2d 595.) In recent years, the doctrine has been eroded by exceptions. Like the exception to application of interspousal immunity previously discussed above, a wrongful death action brought on behalf of a minor child against his surviving parent based on wilful and wanton misconduct is not barred by the parent-child tort immunity doctrine. (*Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 131 N.E.2d 525.) Another exception has arisen where it is determined that the negligence of the parent occurred outside the scope of the parental relationship. *Schenk v. Schenk* (1968), 100 Ill. App. 2d 199, 241 N.E.2d 12; see also *Stallman v. Youngquist* (1984), 129 Ill. App. 3d 859, 473 N.E.2d 400.

■ Here, since plaintiff's action is not based on wilful and wanton misconduct by defendant, but rather negligence, the trial court's order vacating the order dismissing plaintiff's cause of action as to defendant should have been grounded upon a determination, if from the facts of plaintiff's complaint as a whole it was so indicated, that the parent-child tort immunity doctrine did not bar plaintiff's action because defendant's alleged negligence occurred outside the scope of the parental relationship. Since the trial court did not so rule, we remand this cause with directions that the court determine whether plaintiff's action is or is not barred by the parent-child tort immunity doctrine.

Remanded with directions.

LORENZ and PINCHAM, JJ., concur.