JUDITH STEFFA, Plaintiff-Appellant, *v.* ROGER STANLEY *et al.*, Defendants-Appellees.

Second District (2nd Division)   No. 75-375

Opinion filed July 1, 1976.

Robert F. Canfield, of Rockford, for appellant.

Eugene Brassfield, of Maynard, Brassfield & Cowan, of Rockford, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

While a passenger on a motorcycle driven by Roger Stanley, plaintiff was injured as the result of a collision between that cycle and an auto driven by Roger Steffa, who was, at that time, plaintiff's husband.[1] She filed suit against both Stanley and Steffa for injuries, and Steffa filed a motion for summary judgment alleging that the action in tort was barred by the interspousal tort immunity provision of section 1 of "An Act to revise the law in relation to husband and wife"[2] (Ill. Rev. Stat. 1973, ch. 68, par. 1).

Plaintiff appeals the granting of defendant Steffa's motion for summary judgment, contending that (1) article I, section 12, of the 1970 Illinois Constitution affords plaintiff a remedy and renders unconstitutional section 1 of the Act; (2) section 1 of that act denies plaintiff equal protection of the law guaranteed by article I, sections 2 and 18, of the 1970 Illinois Constitution; (3) section 1 of the Act is unconstitutional because

---

[1] By her amended complaint plaintiff alleged that she and Roger Steffa were divorced after the collision. This appeal does not involve defendant Roger Stanley.

[2] The parties herein have referred to the Act as it appears in the Illinois Revised Statutes— "Rights of Married Women Act". Such title, however, was inserted by the publisher and is not the title prescribed by the legislature. In this opinion we have used the title designated by the legislature.

the section contains more than one subject and the purposes of the Act, relating to suits between spouses, is not expressed in the title; and (4) interspousal tort immunity is an attempt to perpetuate a vestigial concept based upon the abrogated common law rule that a married woman's rights and property belong to her husband.

Second 1 of the Act provides:

> "A married woman may, in all cases, sue and be sued without joining her husband with her, to the same extent as if she were unmarried; provided, that neither husband nor wife may sue the other for a tort to the person committed during coverture." Ill. Rev. Stat. 1973, ch. 68, par. 1.

It is useful, here, to view the above enactment in its historical context. At common law, a married woman had no separate identity before the law. She was regarded as a chattel with neither property nor other rights which were enforceable against anyone. Her husband owned all her property and asserted all of her legal and equitable rights. It followed, therefore, that a husband was immune from suits by his wife, whether in tort or contract. (*Brandt v. Keller*, 413 Ill. 503, 505 (1953); *Heckendorn v. First National Bank*, 19 Ill. 2d 190, 192 (1960), *cert. denied*, 364 U.S. 882.) In 1874, the rights of married women in Illinois were broadened by the Act, which originally provided only that a married woman could own property and sue in her own name. The interspousal immunity language was not an original provision. (*Herget National Bank v. Berardi*, 31 Ill. App. 3d 608, 609 (1975).) In *Brandt v. Keller*, 413 Ill. 503, 513, the supreme court interpreted the 1874 act as reflecting a legislative intent to remove a married woman's common law disability with reference to suing and being sued, and refused to read into the statute the common law tort immunity. During its next session, the legislature amended the Act to include the provision that "neither husband nor wife may sue the other for a tort to the person committed during coverture." *Heckendorn v. First National Bank*, 19 Ill. 2d 190, 193 (1960).

In upholding the constitutionality of the 1953 statute against an attack similar to that in the instant case, the court stated:

> "As it was within the power of the legislature to determine public policy and grant such right [of a wife to sue her husband in tort] in 1874, it was also within its authority in 1953 to change this policy concept and to partially withdraw such right. This it did by a proviso which applies equally to husband and wife and is consonant with a widely held view of public policy as enunciated in a majority of decisions in this country." *Heckendorn v. First National Bank*, 19 Ill. 2d 190, 195 (1960).

Article I, section 12, of the Constitution of 1970 provides that:

> "Every person shall find a certain remedy in the laws for all

injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly."

Plaintiff maintains that this provision mandates she be provided a remedy against her former husband in the instant case. This section, however, does not mandate a specific form of remedy be provided plaintiff but only expresses the philosophy that some remedy be provided. (*Sullivan v. Midlothian Park District*, 51 Ill. 2d 274, 277 (1972); *Mier v. Staley*, 28 Ill. App. 3d 373, 381 (1975).) While true that courts have power to fashion remedies to alleviate injuries or wrongs (see *People v. Warr*, 54 Ill. 2d 487, 493 (1973); *People v. Brown*, 27 Ill. App. 3d 891, 896 (1975)), still this power is limited.

■■ In response to a similar argument advanced in *Heckendorn*, the supreme court stated that section 19 of article II of the 1870 Illinois Constitution (now article I, section 12, of the 1970 Illinois Constitution) enunciated a basic policy of jurisprudence serving to preserve the rights recognized by the common law and to permit the fashioning of new remedies to meet changing conditions. This policy expression, however, does not authorize courts to create a cause of action unknown to the common law in the face of an express statutory prohibition. *Heckendorn v. First National Bank*, 19 Ill. 2d 190, 194 (1960).

Plaintiff next argues that the statute in question denies her equal protection of the law as guaranteed by article I, sections 2 and 18, of the 1970 Illinois Constitution. Although the legislature may, in certain instances, classify persons for the purposes of legislative regulation or control (*Youhas v. Ice*, 56 Ill. 2d 497, 500 (1974)), the Act does not present us with the question of whether the classification of married women is constitutionally permissible. Its purpose was not to control or otherwise abridge the rights of married women but, rather, to allow rights denied under the common law and elevate married women to a legal parity with married men.

■■ As to section 18, the bar against tort actions between spouses during coverture applies equally to male and female and cannot therefore be said to discriminate by denying or abridging plaintiff's rights on the basis of sex.

■■ Plaintiff, citing *Heck v. Schupp*, 394 Ill. (1946), contends that the Act is unconstitutional because the purpose is not expressed in the title, and the Act contains more than one subject. In *Heck*, the offending statute, entitled "An Act in relation to certain causes of action conducive to extortion and blackmail, and to declare illegal, contracts and acts made and done in pursuance thereof," prohibited suits based upon alienation of affections, criminal conversation, or breach of contract to marry. The court there concluded that the title of the Act did not fairly express the

purposes of the section at issue. The case at bar is distinguishable.[3] The title, "An Act to revise the law in relation to husband and wife," certainly apprises the reader of the general subject matter. The prohibition of suits against one category of persons (spouses) does not introduce another subject but rather is an amplication of the subject of the statute. We find plaintiff's attack on this point to be without substance.

However much we might agree with plaintiff that interspousal tort immunity is an outmoded concept based upon the common law fiction of unity between husband and wife, we are without authority to judicially amend the statute. Interpersonal tort immunity is an enactment of public policy within the province of the legislature. *Heckendorn v. First National Bank*, 19 Ill. 2d 190, 195 (1960).

We therefore conclude that section 1 of the Act is constitutional and bars this action. The judgment of the trial court is affirmed.

Judgment affirmed.

RECHENMACHER and DIXON, JJ., concur.

---

[3] It is questionable whether, pertinent to current legislation, *Heck* would be authority for a position such as that expressed in the first part of plaintiff's contention. (See *People ex rel. Hanrahan v. Caliendo*, 50 Ill. 2d 72, 76-77 (1971).) Section 13 of article IV of the 1870 Illinois Constitution, in force at the time of the *Heck* decision, provided: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title." Section 8(d) of article IV of the 1970 Illinois Constitution provides: "Bills ° ° ° shall be confined to one subject." Consequently there presently is no constitutional mandate that requires the subject of the bill to be expressed in the title of the Act.