PELAGIA TYRKEN, Plaintiff-Appellee, v. JOHN TYRKEN, Adm'r of the Estate of Szymon Tyrken, Deceased, Defendant-Appellant.

First District (2nd Division)   No. 77-337

Opinion filed August 1, 1978.

Ronald L. Drozdzik and John F. Skeffington, both of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellant.

Paul B. Episcope and Thomas D. Fazioli, both of Paul B. Episcope, Ltd., of Chicago, for appellee.

Mr. JUSTICE BROWN delivered the opinion of the court:

Plaintiff, Pelagia Tyrken, brought this action against the administrator of the estate of her deceased husband, for personal injuries resulting from a collision between the automobile in which she was riding and a passenger train. Her complaint alleged that her husband, who was driving the automobile and was killed in the collision, was guilty of wilful and wanton acts or omissions.

Defendant filed a motion to dismiss on the ground that the action was barred by the interspousal tort immunity provision of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1973, ch. 68, par. 1). On December 2, 1976, the trial court denied defendant's motion to dismiss, and made a finding that the order concerned a question of law as to which there was a substantial ground for difference of opinion and that an immediate appeal might materially advance the ultimate termination of the litigation. On February 18, 1977, the trial court denied defendant's motion to vacate the order of December 2, 1976, and the defendant filed an application for leave to appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308). We allowed defendant's application for leave to appeal.

This appeal raises the following issues: (1) whether section 1 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1973, ch. 68, par. 1) (hereafter "the Act") violates article I, section 12 of the 1970 Illinois Constitution because it denies a widow a remedy for injuries to her person; (2) whether the Act violates the plaintiff's constitutionally protected rights afforded by the due process clauses of the 1970 Illinois Constitution and the United States Constitution, and article I, section 18 of the 1970 Illinois Constitution because it is an unreasonable and arbitrary exercise of legislative power; (3) whether the Act violates the equal protection clauses of the 1970 Illinois Constitution and the United States Constitution because it discriminates against persons of the same

class; and (4) whether the Act violates article IV, section 13 of the 1970 Illinois Constitution because it is special legislation.

Defendant argues that the law in Illinois with respect to interspousal immunity is well settled. Section 1 of the Act provides:

"A married woman may, in all cases, sue and be sued without joining her husband with her, to the same extent as if she were unmarried; provided, that neither husband nor wife may sue the other for a tort to the person committed during coverture." (Ill. Rev. Stat. 1973, ch. 68, par. 1.)

This section has successfully withstood attacks on its constitutionality under both the 1870 Illinois Constitution and the 1970 Illinois Constitution. *Heckendorn v. First National Bank* (1960), 19 Ill. 2d 190, 166 N.E.2d 571; *Steffa v. Stanley* (2d Dist. 1976), 39 Ill. App. 3d 915, 350 N.E.2d 886.

Initially, plaintiff concedes that the Illinois Supreme Court, in a case arising under similar circumstances as those presented in this case, has held that the Act operates as an absolute bar against a widow suing her husband's estate for a tort committed during coverture (*Heckendorn*). Plaintiff argues, however, that the public policy of the State has been altered so drastically that a current judicial review of this issue will lead this court to the same conclusion reached by the trial court. We disagree.

While plaintiff is correct in noting that the broad doctrine of intrafamily immunity has suffered erosion since *Heckendorn* (*Johnson v. Myers* (2d Dist. 1972), 2 Ill. App. 3d 844, 277 N.E.2d 778; *Schenk v. Schenk* (1st Dist. 1970), 100 Ill. App. 2d 199, 241 N.E.2d 12; *Augustine v. Stotts* (4th Dist. 1963), 40 Ill. App. 2d 428, 189 N.E.2d 757), the express statutory provision regarding interspousal immunity has remained firm. *Steffa v. Stanley* (2d Dist. 1976), 39 Ill. App. 3d 915, 350 N.E.2d 886.

In this respect, plaintiff's reliance on *Herget National Bank v. Berardi* (1976), 64 Ill. 2d 467, 356 N.E.2d 529, and *Bradley v. Fox* (1955), 7 Ill. 2d 106, 129 N.E.2d 699, is misplaced. These cases involved the application of the Illinois Wrongful Death Act (Ill. Rev. Stat. 1975, ch. 70, par. 1), and presented the question of whether the administrator of a wife's estate could maintain an action against the husband's estate for loss suffered by a child through the death of the wife by the husband's wrongful conduct. The instant case, as well as *Heckendorn*, presents the question as to whether a wife has the right to bring an action for her own injuries against her husband's estate for a tort committed during coverture.

Similarly, the case of *Packenham v. Miltimore* (2d Dist. 1967), 89 Ill. App. 2d 452, 232 N.E.2d 42, is factually distinguishable from the case at bar. The operative words of the Act concern torts "committed during coverture." In *Packenham*, the act of the husband occurred prior to the marriage, and the court, strictly construing the language of the statute,

held that the Act did not apply in those circumstances. In the instant case, there is no question that the tortious act occurred during the marriage.

Plaintiff argues the Act violates article I, section 12 of the Illinois Constitution because it denies a widow a remedy for injuries to her person. This section provides:

> "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to her person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." Ill. Const. 1970, art. I, §12.

This argument was advanced in *Heckendorn*, and that court found it to be unpersuasive. In construing the predecessor of article I, section 12 of the Illinois Constitution, the court stated:

> "Section 19 enunciates a basic policy of jurisprudence that serves both to preserve the rights recognized by the common law and to permit the fashioning of new remedies to meet changing conditions. However, this policy expression does not authorize us to create a cause of action unknown to the common law in the face of an express statutory prohibition." *Heckendorn*, 19 Ill. 2d 190, 194.

■■ Plaintiff points out that the section construed by the court in *Heckendorn* contained the permissive term "ought" to find a certain remedy (Ill. Const. 1870, art. II, §19), whereas the 1970 Constitution contains the mandatory language that every person "shall" find a certain remedy. (Ill. Const. 1970, art. I, §12.) However, both the old remedy section of the Constitution and the new have been construed by the Illinois courts to constitute an expression of a philosophy and not a mandate that a certain remedy be provided in any special form. See *Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 281 N.E.2d 659; *Steffa v. Stanley; Mier v. Staley* (4th Dist. 1975), 28 Ill. App. 3d 373, 329 N.E.2d 1.

■■ Plaintiff's next contention is that the Act violates her right to due process under both the Illinois and United States constitutions because it is an unreasonable and arbitrary exercise of the legislative power. The court in *Heckendorn* answered this contention in the following manner:

> "Nor do we believe that the statutory proviso of 1953 violates the due process clauses of either the State or Federal constitutions. It is a legislative determination of public policy and a command to return to the basic common-law doctrine which immunized the husband from suits by his wife for a tort to her person. In *Brandt v. Keller*, 413 Ill. 503, we held that by the adoption of the Married Women's Act of 1874, the legislature intended to abolish the common-law disability of a wife to sue her husband in tort. We

there acknowledged that such action was in derogation of the common law and that the legislature thereby created a new right and remedy unknown to the common law.

As it was within the power of the legislature to determine public policy and grant such right in 1874, it was also within its authority in 1953 to change this policy concept and to partially withdraw such right. This it did by a proviso which applies equally to husband and wife and is consonant with a widely held view of public policy as enunciated in a majority of decisions in this country. See: Anno. 43 A.L.R. 2d 632." *Heckendorn,* 19 Ill. 2d 190, 194-95.

■■ Plaintiff next contends that the Act violates the equal protection clauses of the Illinois Constitution and the United States Constitution because it discriminates against persons of the same class. A similar argument was raised in *Steffa v. Stanley* (2d Dist. 1976), 39 Ill. App. 3d 915, 350 N.E.2d 886, where the court stated:

"Although the legislature may, in certain instances, classify persons for the purposes of legislative regulation or control (*Youhas v. Ice,* 56 Ill. 2d 497, 500 (1974)), the Act does not present us with the question of whether the classification of married women is constitutionally permissible. Its purpose was not to control or otherwise abridge the rights of married women but, rather, to allow rights denied under the common law and elevate married women to a legal parity with married men." (*Steffa,* at 918.)

The bar against tort actions between spouses during coverture applies equally to husband and wife and cannot therefore be said to violate plaintiff's right to equal protection.

■■ Finally, plaintiff argues that the Act violates article IV, section 13 of the 1970 Illinois Constitution because it is special legislation. Plaintiff contends that there is no reasonable basis for barring interspousal tort actions while allowing actions between other members of the family unit. However, we believe that the Act is a reasonable and nonarbitrary determination of the public policy of the State, whose purposes include preventing collusive tort actions between spouses and the disruption of marital unity. As the Illinois Supreme Court has stated:

"It is not our place to criticize the policy determination of the legislature. Nor need we surmise our decision had this case come before us in the absence of legislation. We are only concerned with the authority of the legislature to abolish or limit, by a nonarbitrary statute, a right unknown to common law, which it had previously created. In this case, where no rights had vested, we are neither aware of a constitutional ban, (cf. *Hall v. Gillins,* 13 Ill. 2d 26;

*Clarke v. Storchak*, 384 Ill. 564,) nor do we know of a court which has abolished the doctrine of marital disability in the absence of an applicable statute." *Heckendorn*, 19 Ill. 2d 190, 195.

The trial court's order denying defendant's motion to vacate the order of December 2, 1976, is reversed and the cause remanded with instructions to enter an order vacating the order of December 2, 1976, allowing defendant's motion to dismiss and dismissing plaintiff's cause with prejudice.

Judgment reversed and remanded with directions.

STAMOS, P. J., and DOWNING, J., concur.