AGNES VOGEL, Plaintiff-Appellant, *v.* JAMES M. ROBISON *et al.*, Defendants-Appellees.

Third District   No. 79-318

Opinion filed January 15, 1980.

Louis Olivero, of Peru, for appellant.

Andrew J. O'Conor, of Berry & O'Conor, of Ottawa, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On November 22, 1978, plaintiff, Agnes Vogel, filed a complaint against defendants James M. Robison and Bernard J. Vogel for damages she incurred when the car driven by her husband, defendant Vogel, in which she was riding as a passenger, collided with the car driven by defendant Robison. Defendant Vogel moved to dismiss all counts against him, contending in said motion that the actions were barred by statute. The circuit court of La Salle County granted the motion by defendant Vogel on February 15, 1979. From that order of dismissal plaintiff appeals.

The statute on which defendant Vogel relies, with the concurrence of the circuit court, reads as follows:

> "A married woman may, in all cases, sue and be sued without joining her husband with her, to the same extent as if she were unmarried; provided, that neither husband nor wife may sue the other for a tort to the person committed during coverture. An attachment or judgment in such action may be enforced by or against her as if she were a single woman." (Ill. Rev. Stat. 1977, ch. 40, par. 1001.)

Plaintiff does not deny that section 1 of "An Act * * * in relation to husband and wife (Ill. Rev. Stat. 1977, ch. 40, par. 1001) would, if applied to the facts of the case *sub judice,* bar the action because it alleges a tort committed during coverture. Rather, plaintiff asks this court to find section 1 unconstitutional under the equal protection clauses of the United States and Illinois constitutions. U.S. Const., amend. XIV, §1; Ill. Const. 1970, art. I, §2.

By way of history, the Illinois Supreme Court in 1952 held that the common law doctrine of intraspousal immunity would no longer be followed in this State. (*Brandt v. Keller* (1952), 413 Ill. 503, 109 N.E.2d

729.) The legislature responded the following year with section 1, thereby establishing and confirming the Illinois policy.

Since 1953, the constitutionality of the legislature's policy as embodied in section 1 has been tested. In *Heckendorn v. First National Bank* (1960), 19 Ill. 2d 190, 166 N.E.2d 571, *cert. denied* 364 U.S. 882 (1960), 5 L. Ed. 2d 104, 81 S. Ct. 172, the Illinois high court held that section 1 did not violate the due process clause of either the State or Federal constitutions. (U.S. Const., amend. XIV, §1; Ill. Const. 1970, art. I, §2.) A similar ruling was the result of the reviewing court's decision in *Wartell v. Formusa* (1966), 34 Ill. 2d 57, 213 N.E.2d 544. Subsequently, the Illinois Appellate Court has twice upheld the constitutionality of section 1 on equal protection grounds. (*Steffa v. Stanley* (1976), 39 Ill. App. 3d 915, 350 N.E.2d 886; *Tyrken v. Tyrken* (1978), 63 Ill. App. 3d 199, 379 N.E.2d 804.) The *Tyrken* court summarized its holding with this observation:

> "The bar against tort actions between spouses during coverture applies equally to husband and wife and cannot therefore be said to violate plaintiff's right to equal protection." (*Tyrken v. Tyrken* (1978), 63 Ill. App. 3d 199, 203, 379 N.E.2d 804, 808.)

It is clear that the constitutionality of section 1 has consistently been upheld.

■■ ■ The doctrine of *stare decisis* is applicable where a statute is attacked on constitutional grounds which have been raised and ruled on in prior cases. (*Gouker v. Winnebago County Board of Supervisors* (1967), 37 Ill. 2d 473, 228 N.E.2d 881; *Berk v. County of Will* (1966), 34 Ill. 2d 588, 218 N.E.2d 98.) We find no authority in the cases cited by the plaintiff that marks a departure from the rule of *Heckendorn, Wartell, Steffa,* and *Tyrken.* Absent such authority, we are bound by the rule of *stare decisis* to stand by that which was decided.

The decision of the circuit court of La Salle County is affirmed.

Affirmed.

ALLOY and STENGEL, JJ., concur.