**Kay D. HEYMAN, Plaintiff,**

v.

**Milton G. HEYMAN, Defendant.**

**No. 81 C 6873.**

United States District Court,
N. D. Illinois, E. D.

Sept. 29, 1982.

---

Matthew J. Piers, Chicago, Ill., for plaintiff.

Howard A. London, Beermann, Swerdlove, Woloshin, Barezky & Berkson, Chicago, Ill., for defendant.

## Memorandum

LEIGHTON, District Judge.

This suit was filed after the plaintiff discovered that defendant, from whom she was estranged but living separately from him in the same apartment, had attached a wire and jack to her bedroom telephone and wiretapped her private conversations with others. In her three-count complaint, she alleges that this conduct is actionable under the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2511, 2520; that it violated an Illinois criminal statute, Ill.Rev.Stat.1979, ch. 38, § 14–2, which prohibits electronic eavesdropping; and that as a consequence, she has a cause of action against defendant as provided by Ill.Rev.Stat.1979, ch. 38, § 14–6.

Defendant has moved to dismiss alleging that at the time in question he and plaintiff were man and wife under Illinois law; that the wiretap prohibitions of the Omnibus Crime Control and Safe Streets Act of 1968 were not intended by Congress to apply to interspousal interceptions; and that Illinois law in force at the time in question expressly prohibited one spouse from suing another for tort committed during coverture. Therefore, defendant presents two issues. First, whether at the time in question he and the plaintiff were man and wife. Second, whether in enacting 18 U.S.C. §§ 2511, 2520, Congress intended that the proscriptions against interception and disclosure of wire or oral communications were

to apply to interspousal wiretaps. The material allegations of plaintiff's complaint, which the court accepts as true, disclose the following facts.

### I

Kay D. Heyman and Milton G. Heyman, plaintiff and defendant respectively in this case, were married in 1942. This relation, however, deteriorated with time into one of hostility; and in the last years of their marriage, they shared one apartment. They had no social or sexual contact with each other. In 1978, plaintiff filed suit for divorce in the Circuit Court of Cook County, and her petition was opposed by defendant only with respect to the disposition of their marital property. On December 11, 1979, the suit came for hearing; and at its conclusion, the judge orally announced that his finding was in favor of the plaintiff, and that "the court will award judgment dissolving the marriage." He continued the proceedings for trial concerning disposition of the contested property. The decree for divorce was not entered until August 5, 1980. The parties, however, continued to share the same apartment, each living alone.

On December 17, 1979, six days after the divorce hearing, plaintiff at her expense arranged for a private telephone to be installed in her bedroom, for her private use. Soon thereafter, but some six months before the divorce decree was entered, defendant attached a wire and jack to the phone, using the wall behind a vanity cabinet in his bathroom, and listened to plaintiff's telephone conversations. The wiretapping equipment was later located by Illinois Bell Telephone personnel and removed on March 13, 1980. Plaintiff then filed this suit. In Count I of her complaint, she alleges that his conduct is actionable under Section 2520 of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2520, which provides in part that:

Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications.

In Count II plaintiff claims that defendant's actions violated Ill.Rev.Stat.1979, ch. 38, § 14–2 which defines the elements of criminal electronics eavesdropping and provides in part that:

A person commits eavesdropping when he:

(a) uses an eavesdropping device to hear or record all or any part of any conversation unless he does so (1) with the consent of all of the parties to such conversation or (2) with the consent of any one party to such conversation in accordance with Article 108A of the Code of Criminal Procedure of 1963, approved August 14, 1963, as amended;

\*  \*  \*  \*  \*  \*

Plaintiff claims that she is entitled to recover from defendant because Ill.Rev.Stat. 1979, ch. 38, § 14–6 provides for civil remedies to parties who are injured by acts which constitute the crime of electronic eavesdropping under Illinois law. Finally, in Count III plaintiff alleges that defendant's conduct supports a claim for relief in her favor for a tortious invasion of her common law right to privacy.

### II

Defendant's principal argument in support of his motion to dismiss is that at the time he wiretapped plaintiff's private telephone she was his wife. He points to the fact that they were married in 1942; and although she had filed a suit for divorce, had obtained a hearing and an oral ruling by a judge that a decree dissolving the marriage would be awarded, no dissolution of the marriage in fact took place until August 5, 1980. The wiretapping about which plaintiff complains occurred before the decree of divorce was entered. Defendant argues that when Congress enacted the Omnibus Crime Control and Safe Streets Act of 1968 and prohibited interception of wire or oral communication, it did not intend such proscriptions to apply to interspousal wiretaps, matters which in their

nature are purely domestic conflicts ordinarily handled by state courts. Therefore, defendant insists that as to plaintiff's claim under Count I, she is not entitled to relief against him; as to the pendent claims alleged in Counts I, II, and III, Illinois law in force at the time, Ill.Rev.Stat.1979, ch. 40, § 1001, expressly provides that "neither husband nor wife may sue the other for a tort to the person committed during coverture."

### III

### A

■ Traditionally, divorce proceedings are deemed equitable in nature. Thus it has long been a principle of Illinois divorce procedure that oral announcements or remarks of a judge are not binding unless they are embodied in a written order or decree, approved by him and entered of record with the clerk of the court. *Stewart v. Stewart*, 35 Ill.App.3d 236, 341 N.E.2d 136, 139 (1976); see I. L. P. Chancer, §§ 443, 447. A divorce decree is not final until actually entered, it being recognized that a judge is free to change his mind as to his intended disposition of the case. *In Re Marriage of Ayers*, 82 Ill.App.3d 164, 37 Ill.Dec. 511, 513, 402 N.E.2d 401, 403 (1980). For these reasons, Illinois law does not permit the plaintiff to rely on the oral statements of a divorce judge, made prior to the alleged wiretapping but before the decree was actually entered, that he intended to grant her dissolution of her marriage to defendant. Where a valid marriage is shown, a presumption exists that such marriage continues. Therefore, this court is compelled to agree that at the time her private telephone was wiretapped by defendant, plaintiff was his wife. *Richmond v. Richmond*, 326 Ill.App. 234, 61 N.E.2d 573 (1945).

### B

From this fact, defendant argues that granting plaintiff a federal remedy under Section 2520 of the Omnibus Crime Control and Safe Streets Act of 1968 will interfere with state regulation of marital relations and deprive him of the interspousal immunity which he enjoys under the laws of Illinois. He cites to this court *Simpson v. Simpson*, 490 F.2d 803 (5th Cir. 1974), *cert. denied*, 419 U.S. 897, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974), and *Anonymous v. Anonymous*, 558 F.2d 677 (2d Cir. 1977), but relying more strongly on *Simpson v. Simpson*.

Plaintiff opposes defendant's motion, arguing that she states a claim for relief in Count I of her complaint without regard to the fact that at the time of the wiretapping she was defendant's wife. Congress, she maintains, intended to enact a statute that prohibited all wiretapping activities except those it specifically provided for. She relies primarily on the language of 18 U.S.C. §§ 2511(2) and (3) which does not include interspousal wiretaps among the specific exceptions. In support of her position, plaintiff calls this court's attention to a case from a court of appeals and one from a district court: *United States v. Jones*, 542 F.2d 661 (6th Cir. 1976) and *Kratz v. Kratz*, 477 F.Supp. 463 (E.D.Pa.1979). Additionally, she points to *United States v. Giordano*, 416 U.S. 505, 514, 94 S.Ct. 1820, 1826, 40 L.Ed.2d 341 (1974) in which the Supreme Court held that when Congress included wiretapping prohibitions in the Omnibus Crime Control and Safe Streets Act of 1968, its purpose was to prohibit all interceptions of wire communications, except those specifically permitted. And finally, plaintiff distinguishes *Simpson v. Simpson* and *Anonymous v. Anonymous*. As to the former, she argues it has been widely criticized as erroneous because it represents an unwarranted inquiry into congressional intent; as to the latter, she insists the facts of the case were viewed as analogous to the phone extension exception provided for in the Act whereas in this case, no such analogy is argued or is applicable.

■ These arguments and contentions are not new. They have evolved two distinct lines of cases interpreting the federal wiretapping statute either as including an implied exception for interspousal wiretap-

ping or prohibiting all wiretapping except those specifically provided for. After considering both lines of cases, this court is constrained to follow those which interpret the Act as prohibiting interspousal wiretapping; it disagrees with defendant's contention that because at the time he intercepted plaintiff's telephone conversations she was his wife her claim in Count I must be dismissed. In this court's judgment, *Simpson v. Simpson* and *Anonymous v. Anonymous,* on which defendant relies, were either wrongly decided or are inapplicable to the facts of this case.

In *Simpson v. Simpson, supra,* the defendant husband intercepted his wife's telephone conversations by attaching a wiretapping device to the family phone. The information gained from this interception was used to obtain an uncontested divorce. In a suit by the wife, the Fifth Circuit held that interception by one spouse of the other's telephone conversation in the marital home is not actionable under the Act. The court rested its decision largely on the recognition "of the novelty of a federal remedy for persons aggrieved by the personal acts of their spouses . . . and . . . the severity of remedy seemingly provided. . . ." 490 F.2d at 805–806.

However, because "[t]he naked language of [the Act], by virtue of its inclusiveness, reached this case", the court in *Simpson* sought to ascertain the intent of Congress through an admittedly "long, exhaustive, and inconclusive" search of the Act's legislative history. 490 F.2d at 810. This search for congressional intent ignored the accepted canon of statutory construction that resort to legislative history is not ordinarily undertaken unless a statutory provision is unclear or ambiguous. *United States v. Oregon,* 366 U.S. 643, 648, 81 S.Ct. 1278, 1281, 6 L.Ed.2d 575 (1961). By the general rules of statutory construction, legislative history is not ordinarily examined, since the best evidence of congressional intent is the text of the statute itself. *Patagonia Corp. v. Board of Governors of Federal Reserve System,* 517 F.2d 803, 813 (9th Cir. 1975).

In this court's judgment, the language of the statute is clear. As one court recently observed, "[i]t is difficult to imagine a statutory prohibition more definite and specific than that of § 2511(1)(a)." *Kratz v. Kratz,* 477 F.Supp. 463, 468 (1979). This section and subsection provide that:

(1) Except as otherwise specifically provided in this chapter, any person who—

   (a) wilfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire or oral communication;

\*     \*     \*     \*     \*     \*

shall be fined not more than $10,000 or imprisoned not more than five years or both.

Thus it clearly and unambiguously prohibits interception of all wire communications by any person except as specifically provided in the statute. In § 2520 which follows, Congress provided a cause of action to any person victimized by a § 2511(1)(a) violation. This section and subsection are preceded by § 2510(6) which defines "person" as, among other things, *"any"* individual (emphasis added). Additionally, a reading of the statute discloses that the specifically listed exceptions provided in §§ 2511(2) and (3) do not include interspousal wiretapping. Moreover, as the Supreme Court has recognized in *United States v. Giordano,* 416 U.S. 505, 514, 94 S.Ct. 1820, 1826, 40 L.Ed.2d 341 (1974), the purpose of the Act is to effectively prohibit "all interceptions of oral and wire communications, except those specifically provided for . . . ." 416 U.S. at 514, 94 S.Ct. at 1826. *Simpson v. Simpson* has been criticized in *United States v. Jones,* 542 F.2d 661, 670–672 (6th Cir. 1976); in *Kratz v. Kratz,* 477 F.Supp. 463, 469–470 (E.D.Pa. 1979), and in comment, *Interspousal Electronic Surveillance Immunity,* 7 U. of Tol.L. Rev. 185, 200 n.85 (1975), with the strongest criticism coming from *Kratz v. Kratz* in a detailed examination of the opinion, its language, and reasoning. *Kratz* was a case in which a defendant husband, who was being divorced by his plaintiff wife, hired a third party to install a tap on the family tele-

phone so he could determine whether his wife had been relaying his telephone messages. The husband acted on the advice of his co-defendant lawyer. As a result of the tap, defendant learned of his wife's extramarital affair and counter-sued for divorce. Upon discovery of the tapping, the wife and her lover sued for damages under the Act. As is the argument before this court in the present case, the *Kratz* defendants argued that interspousal wiretapping was not actionable under the statute. This argument was rejected, with the court holding that "the statute means what it says, and prohibits *all* interceptions of wire communications, by *any* person, unless *expressly* provided." (Emphasis in original, *Kratz*, 477 F.Supp. at 467. And in referring to *Simpson*, the court said:

Even assuming, arguendo, that Judge Bell's reading of [the Act's] legislative history was correct, the result reached in *Simpson* was erroneous, and a product of Judge Bell's most unusual and improper method of statutory analysis. In *Simpson*, Judge Bell seized upon an admittedly 'inconclusive' legislative history as a reason for holding a statute inapplicable to a situation clearly encompassed by that statute's plain and unambiguous language. As a result, Judge Bell created, of his own accord, an exception to [the Act] not found in the statute, and did so in flagrant disregard of 18 U.S.C. § 2511(1), which states that all exceptions to [the Act] have been provided specifically in the statute.

Judge Bell reached the result he did by ignoring traditional principle of statutory interpretation. *Kratz*, 477 F.Supp. at 468.

Following this critique, the *Kratz* court examined the anti-wiretapping provisions of the Act and concluded that its "[legislative] history is not 'inconclusive', but evinces a congressional awareness of the widespread of electronic eavesdropping in domestic relations cases, *and* a congressional intent to prohibit such eavesdropping." (Emphasis in original.) 477 F.Supp. at 470. It agreed with the Sixth Circuit's opinion in *United States v. Jones*, 542 F.2d 661, 667

(6th Cir. 1976), that the decision in *Simpson* is "untenable because it contradicts *both* the explicit language of the statute *and* the clear intent of Congress [as] expressed in the Act's legislative history." (Emphasis in original.)

In *Anonymous v. Anonymous, supra*, on which defendant also relies, the parties were separated and lived in separate homes. Defendant used an automatic telephone answering machine in his own home to tape record in-coming calls plaintiff made to defendant's house. In discussing the facts, the court noted that the Act allowed one to listen in on an extension phone without penalty, and concluded that using a tape recorder to do so was an irrelevant factor. Obviously, the extension phone exception involved in *Anonymous* is neither argued nor applicable to this case. Here, there was no extension phone to plaintiff's private line and no opportunity to use a tape recording device since she maintained her own separate telephone. *Anonymous v. Anonymous* simply does not support defendant's motion to dismiss Count I of plaintiff's complaint. Indeed, it is somewhat surprising to see defendant cites that decision, considering the court there stated that:

We do not condone the husband's activity in this case, *nor do we suggest that a plaintiff could never recover damages from his or her spouse under the federal wiretap statute.* We merely hold that the facts of this case do not rise to the level of a violation of that statute. (Emphasis added.) 558 F.2d at 679.

Although the language of Sections 2511 and 2520 of the Omnibus Crime Control and Safe Streets Act of 1968, together with *Kratz v. Kratz, supra*, indicate how the issue presented should be resolved, there is other authority dispositive of defendant's motion to dismiss Count I of plaintiff's complaint. In *United States v. Jones*, 542 F.2d 661 (6th Cir. 1976), where a criminal prosecution was brought under the Act, the defendant husband moved to dismiss the indictment that charged him with intercepting and using the contents of telephone conversations of his estranged wife. The

Sixth Circuit held that the Act, by its language, contains no implied exception for interspousal wiretaps. In reaching this decision, the court criticized *Simpson* for resorting to legislative history and for interpreting that history erroneously. The court stated:

> Our review of the legislative history of this section, testimony at congressional hearings and debates on the floor of Congress, inescapably lead to the conclusion that 18 U.S.C. § 2511(1)(a) establishes a broad prohibition on all private electronic surveillance and that a principal area of congressional concern was electronic surveillance for the purposes of marital litigation. 542 F.2d at 669.

In a more recent case, *Gill v. Willer,* 482 F.Supp. 776 (W.D.N.Y.1980), an action was brought under the Act against a defendant husband for his alleged interception of telephone conversations between plaintiff and the defendant's wife. The court held that a claim on which relief could be granted was stated under the Act despite the spousal relationship existing between defendant and the woman involved. The *Gill* court, like the ones in *Kratz* and *Jones,* criticized *Simpson* and pointed to the "clear meaning of Section 2511(1)(a) which is to prohibit the interception of all wire communications by *any person* except as specifically provided for." (emphasis in original.) 482 F.Supp. at 778. In addition to this case law, it is significant that Professor Blakey, who is generally credited with being the author of the Act, has stated that:

> The Fifth Circuit decision [*Simpson*] was incorrectly decided. [The Act] was intended to mean what it says—no surveillance by third parties without warrant—by cops, spouses, or in business—labor or any other relevant relations. Comment, *Interspousal Electronic Surveillance Immunity,* 7 U. of Tol.L.Rev. 185, 205 n.85 (1975).

■ In this context, there is no merit to defendant's argument that affording plaintiff a federal remedy under the Act will interfere with state regulation of marital relations, and with the doctrine of inter-spousal immunity for personal torts recognized in a majority of states. The rationale underlying the doctrine of interspousal immunity is the public interest in preserving domestic tranquility and preventing collusive suits between husband and wife. *Johnson v. Peoples First National Bank and Trust Co.,* 394 Pa. 116, 119, 145 A.2d 716, 717 (1958). In this case, the relation between plaintiff and defendant had deteriorated into one of apparent irreconcilable hostility; no marital felicity existed to be preserved. Moreover, as the court in *Kratz v. Kratz* put it, "[the] cause of action in this case is provided by federal law and cannot be subverted by any state law or policy. 477 F.Supp. at 475.

> [The Act] is not, as the defendants suggest, an intrusion by the federal government into the law of domestic relations, a subject traditionally left to the states. [The Act] regulates electronic eavesdropping, not marital relations. It proscribes one method of gathering evidence for use in inter alia, domestic relations cases, but in no manner deals with the merits of such cases. The statute is unconcerned with questions of divorce, support, custody, property, etc., and though two opposing parties to the instant parties are married, this case requires no resolution of such issues. 477 F.Supp. at 475.

For these reasons, this court declines to follow *Simpson v. Simpson,* 490 F.2d 803 (5th Cir. 1974), *cert. denied,* 419 U.S. 897, 95 S.Ct. 176, 42 L.Ed.2d 141 (1974), and concludes that when Congress enacted Sections 2511 and 2520 of the Omnibus Crime Control and Safe Streets Act of 1968, it intended the prohibitions against interception of wire or oral communications to apply to interspousal wiretaps, even though those matters are purely domestic conflicts handled by state courts. Therefore, defendant's motion to dismiss Count I of plaintiff's complaint must be denied.

### C

■ Defendant's motion to dismiss Counts II and III of plaintiff's complaint is another matter; it must be granted. These are pendent claims under Illinois law. For

Count II, plaintiff relies on her allegations that defendant's conduct in wiretapping her telephone violated Ill.Rev.Stat.1979, ch. 38, § 14–2 which defines the Illinois crime of electronic eavesdropping, and provides in part that:

A person commits eavesdropping when he:

(a) uses an eavesdropping device to hear or record all or any part of any conversation unless he does so (1) with the consent of all of the parties to such conversation or (2) with the consent of any one party to such conversation and in accordance with Article 108A of the 'Code of Criminal Procedure of 1963', approved August 14, 1963, as amended;

\* \* \* \* \* \*

Section 14–6 of the same statute provides for civil remedies to injured parties which include injunction to prohibit further eavesdropping and damages, actual and punitive. But defendant points to Ill.Rev.Stat.1979 ch. 40, that portion of Illinois statutory law which, at the time in question, governed the rights, duties, and obligations of plaintiff and defendant as husband and wife. In part, Section 1001 of that chapter provides that "neither husband nor wife may sue the other for a tort to the person committed during coverture." This statute is constitutional, *Vogel v. Robison,* 80 Ill.App.3d 312, 35 Ill.Dec. 622, 399 N.E.2d 688 (1980); it was amended in this year by Public Act 82–569 but not retroactively. As a consequence, the statute in effect at the time of the alleged wiretapping controlled the rights of the parties. Cf. *Wilson-Raymond Construction Co. v. Industrial Commission,* 79 Ill.2d 45, 54, 37 Ill.Dec. 582, 586–587, 402 N.E.2d 584, 588–9 (1980). The interspousal immunity enjoyed by defendant at the time of the wiretap remains in effect for the acts committed during coverture, even after the parties become divorced. *Steffa v. Stanley,* 39 Ill.App.3d 915, 350 N.E.2d 886 (1976). Accordingly, defendant is correct in insisting on dismissal of Counts II and III of plaintiff's complaint. An appropriate order will be entered denying defendant's motion to dismiss Count I but granting his motion to dismiss Counts II and III.