BARBARA NICPON, by her guardian, Theresa Gardner Urbanski, Plaintiff-Appellant, v. ANDREW NICPON, Defendant-Appellee.

First District (4th Division)   No. 85—2271

Opinion filed June 26, 1986.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker and Steven P. Garmisa, of counsel), for appellant.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, James K. Horstman, John D. Daniels, and Lloyd E. Williams, Jr., of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

This appeal challenges the constitutionality of the Illinois interspousal-immunity statute (Ill. Rev. Stat. 1985, ch. 40, par. 1001), which bars spouses from suing each other for nonintentional tort injuries. The plaintiff, Barbara Nicpon, through her guardian, filed this action for personal injuries she sustained in an automobile accident allegedly caused by the wilful and wanton misconduct of her husband, the defendant, Andrew Nicpon. Her action was dismissed on the grounds that it was barred under section 1001. On appeal, the plaintiff claims that section 1001 is an unconstitutional violation of equal protection under the Federal and State constitutions (U.S. Const., amend. XIV, sec. 1; Ill. Const. 1970, art. I, sec. 2) when either one of two analyses is applied: the irrebuttable-presumption doctrine, and an intermediate-level-of-scrutiny test.

Illinois courts have previously considered and rejected constitu-

tional challenges to section 1001 upon equal protection and due process grounds in the context of nonintentional torts between spouses. (See *Wartell v. Formusa* (1966), 34 Ill. 2d 57, 213 N.E.2d 544; *Heckendorn v. First National Bank* (1960), 19 Ill. 2d 190, 166 N.E.2d 571; *State Farm Mutual Automobile Insurance Co. v. Palmer* (1984), 123 Ill. App. 3d 674, 463 N.E.2d 129; *Vogel v. Robison* (1980), 80 Ill. App. 3d 312, 399 N.E.2d 688; *Tyrken v. Tyrken* (1978), 63 Ill. App. 3d 199, 379 N.E.2d 804; *Steffa v. Stanley* (1976), 39 Ill. App. 3d 915, 350 N.E.2d 886.) The public-policy bases which have been advanced in support of section 1001—maintaining marital harmony and guarding against the danger of fraud or collusion between spouses where insurance proceeds are at stake—have been found to be reasonable and rationally related to spousal immunity for nonintentional torts to withstand constitutional attack. (*State Farm Mutual Automobile Insurance Co. v. Palmer* (1984), 123 Ill. App. 3d 674, 682, 463 N.E.2d 129, citing *Brandt v. Keller* (1952), 413 Ill. 503, 109 N.E.2d 729.) The plaintiff argues that despite these prior decisions *stare decisis* does not preclude this court from considering her constitutional challenges as no Illinois court has previously considered the constitutionality of section 1001 in light of either the irrebuttable-presumption doctrine or under an intermediate-level-of-scrutiny analysis.

The plaintiff first argues that section 1001 violates equal protection based on what the plaintiff terms is the irrebuttable-presumption doctrine first used by the United States Supreme Court to invalidate legislative classifications which employed irrebuttable presumptions that were impermissibly overbroad. (See, *e.g., Cleveland Board of Education v. LaFleur* (1974), 414 U.S. 632, 39 L. Ed. 2d 52, 94 S. Ct. 791; *Department of Agriculture v. Murry* (1973), 413 U.S. 508, 37 L. Ed. 2d 767, 93 S. Ct. 2832; *Vlandis v. Kline* (1973), 412 U.S. 441, 37 L. Ed. 2d 63, 93 S. Ct. 2230; *Stanley v. Illinois* (1972), 405 U.S. 645, 31 L. Ed. 2d 551, 92 S. Ct. 1208.) According to the plaintiff, the irrebuttable-presumption approach is distinct from traditional equal protection analysis and applies when a classification, based on a presumption that is irrebuttable, is over-inclusive and impinges upon a constitutionally protected right. The plaintiff asserts that under this analysis section 1001 is unconstitutional because it creates an impermissible irrebuttable presumption that all persons who file nonintentional-tort actions against their spouses are colluding to defraud insurance companies to obtain insurance proceeds. Further, the plaintiff maintains that section 1001 significantly intrudes upon the constitutionally protected right to marry. However, several courts, including the Seventh Circuit Court of Appeals, have questioned the continued

viability of this approach by the Supreme Court and have treated the finding of an unconstitutional irrebuttable presumption as being essentially the same as holding a classification overbroad under traditional equal protection analysis. (*Trafelet v. Thompson* (7th Cir. 1979), 594 F.2d 623, 629-30, *cert. denied* (1979), 444 U.S. 906, 62 L. Ed. 2d 142, 100 S. Ct. 219; *Miller v. Carter* (7th Cir. 1977), 547 F.2d 1314, 1316-19, *aff'd* (1978), 434 U.S. 356, 54 L. Ed. 2d 603, 98 S. Ct. 786; see *Weinburger v. Salfi* (1975), 422 U.S. 749, 45 L. Ed. 2d 522, 95 S. Ct. 2457.) In the instant case, this court need not determine whether the irrebuttable-presumption doctrine is still a generally accepted approach or whether it constitutes an approach independent from traditional equal protection analysis.

Assuming that we accept the plaintiff's argument that the irrebuttable-presumption doctrine continues to be a viable approach distinct from traditional equal protection analysis, under the plaintiff's definition of the irrebuttable-presumption doctrine, the doctrine would not be applicable to the instant case. Indeed, the premise of the plaintiff's argument for the application of the irrebuttable-presumption doctrine is that the classification unconstitutionally burdens the fundamental right to marry. The United States Supreme Court has long recognized that personal decisions relating to marriage and family life are protected by the fundamental right to privacy. (See, *e.g., City of Akron v. Akron Center for Reproductive Health, Inc.* (1983), 462 U.S. 416, 426-27, 76 L. Ed. 2d 687, 700-01, 103 S. Ct. 2481, 2490-91 (abortion); *Santosky v. Kramer* (1982), 455 U.S. 745, 753, 71 L. Ed. 2d 599, 606, 102 S. Ct. 1388, 1394 (child raising); *Zablocki v. Redhail* (1978), 434 U.S. 374, 383-85, 54 L. Ed. 2d 618, 628-30, 98 S. Ct. 673, 679-80 (marriage); *Carey v. Population Services International* (1977), 431 U.S. 678, 684-85, 52 L. Ed. 2d 675, 684-85, 97 S. Ct. 2010, 2015-16 (contraception); *Cleveland Board of Education v. LaFleur* (1974), 414 U.S. 632, 639-40, 39 L. Ed. 2d 52, 60, 94 S. Ct. 791, 796 (pregnancy); *Loving v. Virginia* (1967), 388 U.S. 1, 12, 18 L. Ed. 2d 1010, 1018, 87 S. Ct. 1817, 1823-24 (marriage); *Griswold v. Connecticut* (1965), 381 U.S. 479, 483-86, 14 L. Ed. 2d 510, 514-16, 85 S. Ct. 1678, 1682-83 (marital privacy).) However, not every classification which relates in any way to the incidents of marriage necessarily involves the intensely personal decisions which the Supreme Court found to be fundamental. (*Califano v. Jobst* (1977), 434 U.S. 47, 54, 54 L. Ed. 2d 228, 235, 98 S. Ct. 95, 99; *Moran v. Beyer* (7th Cir. 1984), 734 F.2d 1245, 1246.) Reasonable regulations that do not significantly interfere with decisions to enter into the marital relationship may legitimately be imposed. (*Califano v. Jobst* (1977), 434 U.S. 47, 53, 54 L. Ed. 2d 228,

234, 98 S. Ct. 95, 99.) For example, in *Jobst*, the United States Supreme Court held that a provision in the Social Security Act which stated that entitlement to a child's statutory benefits under the Act terminates upon marriage did not directly impinge upon the fundamental right to marry. (*Cf. Zablocki v. Redhail* (1978), 434 U.S. 374, 387 n.12, 54 L. Ed. 2d 618, 631 n.12, 98 S. Ct. 673, 681-82 n.12.) Relying upon *Jobst,* the Seventh Circuit Court of Appeals in *Moran* found that section 1001 of the Illinois interspousal-immunity statute did not burden the marital relationship so directly and substantially as to infringe the fundamental right to marry. The *Moran* court concluded that the decision to bring suit against one's spouse does not strategically advance the privacy and family interests found to be fundamentally important, nor does section 1001 constitute a direct legal obstacle to marriage or significantly discourage it. (*Moran v. Beyer* (7th Cir. 1984), 734 F.2d 1245, 1246.) We adopt the reasoning in *Moran* and find that as section 1001 does not significantly impair the decision to marry, the irrebuttable-presumption doctrine is not implicated.

In concluding that section 1001 does not significantly burden the fundamental right to marry, we reject the plaintiff's next argument that an intermediate level of scrutiny analysis should be applied in reviewing section 1001. The intermediate-level-of-scrutiny standard, which lies between the deferential-rational-relationship or minimum-scrutiny test and strict-scrutiny analysis, requires that a classification which affects important, as opposed to fundamental, rights must be substantially related to important governmental objectives sought to be achieved by the legislation. (See, *e.g. Califano v. Webster* (1977), 430 U.S. 313, 316-17, 51 L. Ed. 2d 360, 364, 97 S. Ct. 1192, 1194; *Craig v. Boren* (1976), 429 U.S. 190, 197, 50 L. Ed. 2d 397, 407, 97 S. Ct. 451, 457.) In both *Jobst* and *Moran* it was concluded that as the legislation in question did not burden the fundamental right to marry, a heightened or strict level of scrutiny was not required, and the traditional rational-relationship test was applied. (*Califano v. Jobst* (1977), 434 U.S. 47, 55, 54 L. Ed. 2d 228, 235, 98 S. Ct. 95, 100; see *Zablocki v. Redhail* (1978), 434 U.S. 374, 407, 54 L. Ed. 2d 618, 644, 98 S. Ct. 673, 692 (Rehnquist, J., dissenting); *Moran v. Beyer* (7th Cir. 1984), 734 F.2d 1245, 1246.) Also, Illinois courts which have upheld section 1001 under equal protection have done so utilizing the minimum-scrutiny analysis.

As this court has found no basis for applying the different constitutional standards the plaintiff espouses and as section 1001 has been attacked on constitutional grounds which have been raised and consid-

ered, we are bound by *stare decisis* to stand by what has previously been decided. *Vogel v. Robison* (1980), 80 Ill. App. 3d 312, 314, 399 N.E.2d 688.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN, P.J., and McMORROW, J., concur.