## Pittman v. Deiter

*John A. Mullican*, for plaintiff.

*Ambler, Detweiler & Walsh*, for defendant.

FLOOD, J., August 13, 1957.—Plaintiff has sued the administratrix for her husband's estate in tort for personal injuries allegedly sustained as a result of the husband's negligent operation of their car while traveling in Florida. The Pittmans were domiciled in Pennsylvania at the time of the accident and plaintiff remains a resident of Pennsylvania.

Defendant moves for judgment on the pleadings, contending that the domestic law of Florida governs plaintiff's right to sue her husband in tort and that under Florida law she may not do so: Sullivan v. Sessions, 80 So. 2d 706 (Fla. 1955).

1. In our opinion, the domestic law of Pennsylvania governs the question of plaintiff's capacity to sue her husband's estate in tort. There is no case on this point in the conflict of laws in our appellate courts. It is true that the prevailing view elsewhere is that the question of her capacity is substantive and is to be determined by reference to the law of the place of wrong: Restatement of the Conflict of Laws §§278, 279(*b*) (1934); 22 A. L. R. 2d 1248, 1251-53. But many commentators and text writers, by what appears to us much more persuasive reasoning, have demonstrated that this question should be determined by reference to the law of the domicile: Cook, "The Logical and Legal Bases of the Conflict of Laws", 248-51, 345-46 (1942); 1 Rabel, The Conflict of Laws, 322-23 (1945); Rheinstein, "Michigan Legal Studies: A Review", 41 Mich. L. Rev. 83, 95-97 (1942).

The chief reason now suggested in justification of the rule incapacitating spouses from suing one another in tort is that such a rule preserves domestic harmony. Such a rule, therefore, primarily expresses a policy of domestic relations rather than a judgment whether injurious conduct should occasion liability. It seems preferable for the forum to determine this issue by the standards of the jurisdiction in which the parties live or lived, in this case Pennsylvania, rather than by those of the place of injury. Therefore, in the absence of any binding precedent to the contrary, we so hold.

2. There are also no Pennsylvania appellate court cases determining whether a cause of action accrues in favor of a wife who has been personnally injured by her husband's negligence. One common pleas court and the Federal district court have suggested that a cause of action does accrue against the husband's estate: Bodnar v. Herley, 47 Berks 31 (1954) ; Davis v. Smith, 126 F. Supp. 497 (E. D. Pa., 1954). Two common pleas courts have held to the contrary: Lewellyn v. Mensch, 5 D. & C. 2d 67 (1955) ; Smith v. Smith, 14 D. & C. 466 (1930).

Apparently because of certain procedural impediments to the wife's suit, this question did not arise at early common law: McCurdy, "Torts Between Persons in Domestic Relation", 43 Harv. L. Rev. 1030, 1033 (1930) ; Phillips v. Barnet, [1876] 1 Q. B. D. 436, 439-40. The question, therefore, does not seem to have been presented in the English courts until 1876, when, in the Phillips case, supra, a divorced woman's suit against her former husband was dismissed. The court surveyed the various disabilities inter se which the common law had imposed on husband and wife and concluded, in effect, that to recognize a cause of action in plaintiff's favor would be inconsistent with this general legal pattern.

Confronted by this problem today, we must consider it in the light of the removal of most of these common law marital disabilities. Again we are without binding precedent in Pennsylvania in death cases, and again we decline to decide this issue by reference to cases in other jurisdictions stemming back to conditions no longer existing. The only other reason having applicability today which courts have given for holding that one spouse does not have a cause of action against the other for tort is that such a rule preserves domestic harmony: McCurdy, op. cit., supra, at 1052-54. This view has been vigorously attacked as without substantial basis in reality: Chesonis v. Chesonis, 4 D. & C. 2d 449, 455-56 (1953) ; Prosser, Torts, 903-04 (1941).

If parent and child or husband and wife are living in harmony, it is inconceivable that one will sue the other unless the latter is insured. The only real issue, therefore, probably is whether the possibility of collusion is so great as to outweigh the logical reasons for allowing such suits. We have never been impressed with the possibility of collusion or successful perjury as a ground for changing a right unless that possibility was so great as to amount to at least a strong probability. We do not think that it does so here. If it does, it would be better to require the insurer to protect itself by an exception in its policy rather than to destroy the right of action.

But even if this policy of preserving domestic harmony has merit, there obviously is no domestic harmony to be preserved when defendant spouse or parent has died and suit is brought against the estate. Accordingly, our courts long have shown a tendency to allow suits against the estate in family situations by holding that the child, parent or spouse has a cause of action and may sue upon it when defendant's death removes plaintiff's disability: Dougherty v. Snyder,

15 S. & R. 84 (1826) ; Kennedy v. Knight, 174 Pa. 408 (1896) ; Bodnar v. Hurley, supra; Chesonis v. Chesonis, supra; Brower v. Webb, 5 D. & C. 2d 193 (1955). See also Davis v. Smith, supra. So far as this exception reaches a good result and narrows the scope of an illogical rule, we think that we should follow it: Koontz v. Messer, etc., 320 Pa. 487 (1936) ; Minkin v. Minkin, 336 Pa. 49 (1940).

The Act of June 8, 1893, P. L. 344, sec. 3, as amended, 48 PS §111, does not bar this suit. It permits a married woman to sue with same effect as an unmarried woman with the exception that "she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property . . .". Under this act, however, it has been held that a wife's right of action for a wrong done her is her separate property, so that her husband cannot control or interfere with the conduct of this suit, or appeal from the result: Walker v. Phila., 195 Pa. 168 (1900).

It has also been held that one spouse can sue the other during coverture to protect from waste his undivided property interest in property held by the entireties, and that this interest is separate property within the meaning of the Married Woman's Act, which forbids a husband to sue his wife except for divorce or to protect and recover separate property: Lindenfelser v. Lindenfelser, 383 Pa. 424 (1956).

It is our conclusion that the Act of 1893, supra, as amended, specifically permits this suit in Pennsylvania and that no reason of policy so strong as to prevent the suit exists after the death of one of the spouses.

Accordingly, we hold that if defendant's decedent did negligently injure plaintiff, a cause of action could accrue in her favor and that she could bring suit upon it at her husband's death.

*Opinion Sur Exceptions*

FLOOD, J., October 18, 1957.—Before the court en banc defendant argued that the Florida law should govern as to the host-guest rule. However, the Florida law in such situation is that there can be recovery only in the event of gross negligence. But since gross negligence has been averred in the complaint, preliminary objections cannot be sustained.

In view of the dictum of Parks v. Parks, 390 Pa. 287, decided October 7, 1957, we affirm the opinion of the motion judge that preliminary objections on the ground that the suit is by the wife against the husband's administratrix cannot be sustained.

Exceptions dismissed.