(No. 39206.—

EVELYN WARTELL, Appellant, *vs.* S. JOSEPH FORMUSA, Admr., Appellee.

*Opinion filed January 25, 1966.*

GEORGE C. RABENS, of Chicago, for appellant.

ROSS, KRALOVEC, SWEENEY & MARQUARD, of Chicago, (CHARLES V. KRALOVEC, THOMAS C. DONOVAN, JR., and GLENN H. PROHASKA, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Mr. and Mrs. Gerald Wartell, residents of Illinois, were passing through the State of Florida when they were involved in an automobile collision which caused the death of

Mr. Wartell. Mrs. Wartell, who is the plaintiff in this action, suffered injuries in this accident and brought suit in the circuit court of Cook County against the executor of her husband's estate, alleging that her deceased husband was guilty of willful and wanton negligence in the operation of their car. At the time the complaint was filed, the executor had been discharged and the estate closed, and the complaint was therefore amended to designate as defendant, S. Joseph Formusa, as administrator *de bonis non* of the estate. The original complaint was filed within two years of the alleged tort although the amendment naming Formusa as defendant was made more than two years after the accident. Defendant's motion to dismiss the amended complaint on the ground that Formusa was not served with process within the two-year Statute of Limitations was denied. However, the court allowed defendant's subsequent motion to dismiss the action on the ground that it did not state a claim upon which relief could be granted. Plaintiff has appealed directly to this court from the order dismissing the cause, and defendant has cross-appealed from the denial of his earlier motion to dismiss the complaint.

Defendant's motion to dismiss the cause was based upon the theory that Florida law bars an action by one spouse against the other for a tort committed during coverture. The trial court allowed the motion and dismissed the cause but on a different ground: namely, that an Illinois statute, rather than Florida common law, barred the action. On appeal, plaintiff argues that both the Illinois statute and the Florida common law granting interspousal immunity are unconstitutional and that the judgment must be reversed whichever law is applicable. Defendant argues, however, that both the Illinois statute and the Florida common law are constitutional and that the judgment must therefore be affirmed whichever law governs.

The Illinois statute here in question provides in pertinent part: "that neither husband nor wife may sue the other

for a tort to the person committed during coverture." (Ill. Rev. Stat. 1963, chap. 68, par. 1.) The common law of Florida also appears to prohibit interspousal tort actions. (*Amendola* v. *Amendola,* 121 So.2d 805 (Fla. 1960) ; *Corren* v. *Corren,* 47 So.2d 774 (Fla. 1950).) Consequently, we are not here concerned with the customary conflict of laws case where it is necessary to choose between two conflicting laws. However, it is necessary to determine which law is applicable in this case by virtue of plaintiff's contention that either law is unconstitutional insofar as it prohibits a right of recovery against the estate of her deceased husband.

In our opinion, the law of Illinois clearly applies in this case. We can think of no reason why Florida law should control the question whether a husband and wife domiciled in Illinois should be able to maintain an action against each other for a tort committed during coverture. The fact that the alleged tortious act took place in Florida is of no significance in determining which law should govern the determination of this issue. The law of the place of the wrong should of course determine whether or not a tort has in fact been committed, but the distinct question of whether one spouse can maintain an action in tort against the other spouse is clearly a matter which should be governed by the law of the domicile of the persons involved. Here the domicile is Illinois. Illinois has the predominant interest in the preservation of the husband-wife relationship of its citizens, and to apply the laws of Florida to the question of whether interspousal tort suits may be permitted between Illinois residents would be illogical and without a sound basis. This position has been adopted by the Restatement Second of Conflict of Laws, Tentative Draft No. 9, par. 390 g, which provides in part that "whether one member of a family is immune from tort liability to another member of the family is determined by the local law of the state of their domicile." An increasing number of courts have also held this to be the better reasoned view. (*Babcock* v. *Jackson,* 12 N.Y.2d

473, 191 N.E.2d 279; *Thompson* v. *Thompson,* 105 N.H. 86, 193 A.2d 439; *Emery* v. *Emery,* 45 Cal.2d 421, 289 P.2d 218; *Pittman* v. *Deiter,* 10 Pa. D. & C. 2d 360 (1957); *Haynie* v. *Hansen,* 16 Wis. 2d 299, 144 N.W.2d 443; *Haumschild* v. *Continental Casualty Co.* 7 Wis. 2d 130, 95 N.W.2d 814; *Bodenhagen* v. *Farmers Mutual Ins. Co.* 5 Wis.2d 306, 95 N.W. 822; *Koplik* v. *CP Trucking Corp.* 27 N.J. 1, 141 A. 2d 34; *Pirc* v. *Kortebein,* (E.D. Wis. 1960) 186 F. Supp. 621; Anno. 96 A.L.R. 2d 969). We also adopt this view and hold that in this case the Illinois immunity statute is determinative of the question of whether plaintiff may maintain this action against her deceased husband's estate.

Plaintiff's primary contention is that the Illinois interspousal immunity statute violates section 19 of article II of the Illinois constitution in that it denies her a remedy for a wrong. Plaintiff further argues that, in any event, the immunity statute should not be extended to prohibit a suit against a deceased spouse's estate. The case of *Heckendorn* v. *First National Bank of Ottawa,* 19 Ill.2d 190, disposes of both of these contentions. In that case we held that the immunity statute here in question is a valid exercise of the legislature's power to enact legislation in furtherance of public policy and the general welfare of its citizens. In that case we also rejected a contention that the statute does not apply to an action by a wife against her deceased husband's estate. As we there stated, "We find nothing in the language of the proviso to justify the anomalous conclusion that the existence of a cause of action between husband and wife is entirely dependent upon the fortuitous event of the death of a spouse." (19 Ill.2d at 193.) We see no reason to deviate from the *Heckendorn* decision and therefore hold that the immunity statute is constitutional and denies plaintiff a cause of action against her deceased husband's estate.

Since the trial court correctly allowed defendant's motion to dismiss the cause, there is no need to consider de-

fendant's other contention that the court erred in denying his earlier motion to dismiss the complaint on the ground that S. Joseph Formusa was not made a defendant within the two-year Statute of Limitations.

The judgment of dismissal is affirmed.

*Judgment affirmed.*