LAKEVIEW MEDICAL CENTER, Plaintiff-Appellant, *v.* WILLIAM A. RICHARDSON, JR., Supervisor of General Assistance, Danville Township, Vermilion County, *et al.*, Defendants-Appellees.

Fourth District   No. 15361

Opinion filed October 3, 1979.

Snyder & Skowronski, of Danville (Joseph P. Skowronski, Jr., of counsel), for appellant.

Edward Litak, of Danville, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff hospital rendered medical services to an indigent person who had suffered gunshot wounds. Following the failure of defendant Danville Township to reimburse plaintiff for the cost of those services, plaintiff brought this action to recover those costs. Without stating the grounds for doing so, the trial court dismissed the complaint and this appeal followed.

■■ This court on an appeal from a successful motion to dismiss must take the facts alleged in the complaint as true. These facts are that, after a stay in plaintiff's hospital of nearly two months, the costs of treating and caring for the patient in question were $16,393.38. At the time of admission, the patient was indigent and continued in that status at the time of his discharge. Hospital personnel aided him in the preparation of an application to the township for payment of his medical expenses. The township denied the claim.

The basis for the township's denial was that the patient failed to apply for A.M.I. (aid to the medically indigent) and failed to comply with the requirement that the patient give the township notice of his discharge from the hospital within five days. The defendants indicated that without such notice the township could not conduct a personal interview with the patient. However, at the time of the patient's claim and of the denial of that claim, the patient was still hospitalized. Following his release from the hospital, the patient was taken into custody on criminal charges.

Several demands were made upon the township for payment of the hospital's bill before this action was brought. Defendants moved to dismiss the complaint urging several grounds to the trial court in support of the motion. We deal with the objections made by defendants.

■■ ■ While townships are charged with administering aid to the medically indigent and maintain certain administrative prerogatives in doing so, no township may require the use of its forms to the exclusion of forms provided by the Department of Public Aid, since a township's eligibility requirements may be no more stringent than the Department's. (Ill. Rev. Stat. 1977, ch. 23, par. 7—2.) Nor may the township require a personal appearance by the hospitalized, indigent person. *Sisters of the Third Order of St. Francis v. Groveland Township* (1972), 7 Ill. App. 3d 278, 287 N.E.2d 302; *Pekin Memorial Hospital v. Schilling* (1970), 121 Ill. App. 2d 473, 257 N.E.2d 124.

In the motion to dismiss, defendants first argued that plaintiff had no standing to bring the suit. The rationale for this argument is that neither at common law nor in the Illinois Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, par. 1—1 *et seq.*) does there exist a right in any medical service provider to reimbursement from the township for services provided. It is argued that there being no right to payment, there can be no cause of action in the hospital. Moreover, defendants argue that plaintiff has a cause of action against the patient against whom a claim would properly lie.

Section 11—13 of the Code (Ill. Rev. Stat. 1977, ch. 23, par. 11—13) states in pertinent part:

"Vendors seeking to enforce obligations of a governmental unit or the Illinois Department for goods or services (1) furnished to or in behalf of recipients and (2) subject to a vendor payment as defined in Section 2—5, shall commence their actions in the appropriate Circuit Court or the Court of Claims, as the case may require, within one year next after the cause of action accrued. A cause of action does not accrue within the meaning of this paragraph for as long as there is an unrevoked acknowledgment in writing by a governmental unit or the Illinois Department that it accepts the liability, in whole or in part, for a vendor claim submitted to it or, if the vendor claim or any part thereof is not so acknowledged, until the vendor has been notified in writing that the claim or part thereof is disallowed or disapproved; however, a vendor who determines that any part or all of his claim will not be paid may notify the governmental unit or the Illinois Department that his cause of action on that claim has accrued, in which case the vendor shall institute his action within one year after such notification. In respect to any cause of action which accrued prior to the effective date of this amendatory Act of 1969, the one year limitation period shall be applicable if the cause of action has not, as of that date, been barred by the statute of limitations in force prior thereto, but in all such cases the vendors shall have one year after that effective date to commence their actions. This paragraph governs only vendor payments as defined in this Code and as limited by regulations of the Illinois Department; it does not apply to goods or services purchased or contracted for by a recipient under circumstances in which the payment is to be made directly by the recipient."

■ It is clear that plaintiff here occupies the status of a vendor.

■ The action is based upon the enforcement of the obligation of the township. As is clear from the Act, the township is obligated generally to

supply aid to the medically indigent. Section 11—13 grants vendors the right to enforce such obligation. This interpretation is buttressed by the fact that many suits have been brought by medical care providers (vendors) without challenge to their right to bring the action. (*Sisters of the Third Order of St. Francis v. Groveland Township; Pekin Memorial Hospital v. Schilling; Rockford Memorial Hospital Association v. Wells* (1967), 89 Ill. App. 2d 277, 231 N.E.2d 459; *Decatur Memorial Hospital v. West Lincoln Township* (1976), 38 Ill. App. 3d 356, 347 N.E.2d 804; *St. Mary of Nazareth Hospital v. City of Chicago* (1975), 29 Ill. App. 3d 511, 331 N.E.2d 142; *Rockford Memorial Hospital Association v. Whaples* (1960), 25 Ill. App. 2d 79, 165 N.E.2d 523.) It is clear that defendants' argument that plaintiff's right is derivative only must fail. The hospital has a cause of action not only against the patient but also against the township which denied the indigent patient's claim for aid. Whether the township in fact is obligated to pay this patient's hospital expenses will have to be determined upon remand.

■■ Defendants next argue that the plaintiff must comply with the administrative appeal procedures required by the Code. Section 11—8 (Ill. Rev. Stat. 1977, ch. 23, par. 11—8) requires *applicants* for aid to follow an appeal procedure before having recourse to the courts. However, applicants are defined as those persons who have applied for aid. (Ill. Rev. Stat. 1977, ch. 23, par. 2—8.) Since plaintiff is a vendor and not an applicant, the exhaustion of administrative remedies is not required before suit. The argument that exhaustion is required is subsumed by our decision that the hospital has standing to sue in its own right.

■■ The defendants finally argue the township is not responsible for the hospital bills here because gunshot wounds are not an illness under article VII of the Code. Illness is not defined in the Code. Webster's definition comports with the common understanding of the term: "the condition of being ill, or in poor health; sickness; disease." (Webster's New World Dictionary 699 (1972).) Given that the legislature has mandated that the Code be liberally construed to effect its objects and purposes (Ill. Rev. Stat. 1977, ch. 23, par. 1—5), we find that a gunshot wound is an illness within the meaning of the legislation. It is therefore compensable under the Code. To hold otherwise would eliminate payment of the medical expenses of an indigent person injured in an automobile accident or the burial expenses of a murder victim. Article VII of the Code is designed to guarantee the delivery of medical services to all persons, regardless of financial circumstance, and is not dependent upon concurrence in that concept by local administrators.

The order allowing defendant's motion to dismiss is reversed. The

cause is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

TRAPP and GREEN, JJ., concur.