STEPHEN NELSON, Special Adm'r of the Estate of Marjorie Nelson, Deceased, Plaintiff-Appellant, v. LINDA F. HIX, Defendant (Arthur R. Nelson, Defendant-Appellee).

Second District   No. 85—0447

Opinion filed July 7, 1986.—Rehearing denied September 23, 1986.

Peter R. Coladarci, of Patrick J. Kenneally, Ltd., of Chicago, for appellant.

Herbert P. Carlson, of Iversen, Carlson & Associates, of Chicago, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

The sole issue to be decided on appeal is whether the law of a married couple's domicile or the law of the place of the injury controls their capacity to sue one another in tort. The trial court applied the law of the place of the injury and dismissed the complaint. We reverse.

Arthur and Marjorie Nelson, husband and wife residents of Mississauga, Ontario, Canada, were visiting relatives in Illinois when they were involved in an automobile collision in Du Page county. At approximately 1:30 p.m. on August 11, 1980, while driving eastbound on Route 64 in a rented automobile, the Nelsons' car struck a second car driven by Linda Hix. As a result of the collision Marjorie Nelson, who was a passenger in the automobile, was injured.

On September 9, 1980, the Nelsons filed this action against Hix. Thereafter Arthur Nelson entered into a settlement agreement with Hix, and the court dismissed his claim against her on July 30, 1982.

On that same day Marjorie Nelson amended her complaint adding Arthur Nelson as a defendant. On October 27, 1983, Stephen Nelson was substituted as plaintiff for Marjorie Nelson, who died of cancer on March 9, 1983. On January 6, 1985, plaintiff filed a fourth amended complaint which is currently before the court. This complaint sought damages against Arthur Nelson based on the Wrongful Death Act (count I) and the Survival Act (count II). The trial court dismissed count II on May 13, 1985, and on plaintiff's own motion, also dismissed count I. Plaintiff then filed this appeal arguing that the trial court erred in dismissing count II.

The Illinois statute involved in this case states in part:

> "[N]either husband nor wife may sue the other for a tort to the person committed during coverture." (Ill. Rev. Stat. 1979, ch. 40, par. 1001.)

The Ontario statute involved in this case states in part:

> "[E]ach of the parties to a marriage has the right of action in tort against the other as if they were not married." (Can. Rev. Stat. (1980), ch. 152, sec. 65(3)(a) (Family Law Reform Act).)

Because the two statutes are in direct conflict with each other, we are faced with the customary conflict of laws issue where it is necessary to choose between two conflicting laws.

In *Wartell v. Formusa* (1966), 34 Ill. 2d 57, a married couple domiciled in Illinois were involved in an automobile collision while on vacation in Florida. The wife brought an action against her husband's estate in Illinois for the tort committed in Florida. Our supreme court held that the law of the parties domicile would control the question of whether the wife could sue her husband stating:

> "In our opinion, the law of Illinois clearly applies in this case. We can think of no reason why Florida law should control the question whether a husband and wife domiciled in Illinois should be able to maintain an action against each other for a tort committed during coverture. The fact that the alleged tortious act took place in Florida is of no significance in determining which law should govern the determination of this issue. The law of the place of the wrong should of course determine whether or not a tort has in fact been committed, but the distinct question of whether one spouse can maintain an action in tort against the other spouse is clearly a matter which should be governed by the law of the domicile of the persons involved. Here the domicile is Illinois. Illinois has the predominant interest in the preservation of the husband-wife

relationship of its citizens, and to apply the laws of Florida to the question of whether interspousal tort suits may be permitted between Illinois residents would be illogical and without a sound basis. This position has been adopted by the Restatement Second of Conflict of Laws, Tentative Draft No. 9, par. 390 g, which provides in part that 'whether one member of a family is immune from tort liability to another member of the family is determined by the local law of the state of their domicile.' An increasing number of courts have also held this to be the better reasoned view. [Citations.] We also adopt this view and hold that in this case the Illinois immunity statute is determinative of the question of whether plaintiff may maintain this action against her deceased husband's estate." 34 Ill. 2d 57, 59-60; *cf. Aurora National Bank v. Anderson* (1971), 132 Ill. App. 2d 217 (law of domicile of parties controls right of child to sue parent).

We find *Wartell* controlling the present action. Defendant's argument that *Wartell* is largely *dictum* is unconvincing. While it is true that in *Wartell* both Florida and Illinois law prohibited interspousal suits, the court specifically stated that it was necessary to determine which State law applied in order to decide the plaintiff's contention that either law was unconstitutional. Further, defendant's reliance on policy considerations is misplaced before this court in light of the fact that our supreme court has already decided this precise issue.

For the reasons stated here, the judgment of the circuit court of Du Page County is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HOPF and LINDBERG, JJ., concur.