(No. 64314.— )

STEPHEN NELSON, Special Adm'r of the Estate of Marjorie Nelson, Appellee, v. LINDA F. HIX (Arthur R. Nelson, Appellant).

*Opinion filed March 23, 1988.—Rehearing denied May 31, 1988.*

Herbert P. Carlson, of Iversen, Carlson & Associates, of Chicago, for appellant.

Peter R. Coladarci, of Patrick J. Kenneally, Ltd. of Chicago, for appellee.

JUSTICE MILLER delivered the opinion of the court:

On August 11, 1980, Marjorie Nelson was a passenger in an automobile being driven by her husband, Arthur. The automobile had been rented by the Nelsons from a car-rental company at O'Hare International Airport. The Nelsons, who were residents and citizens of Ontario, Canada, were visiting relatives in Illinois. The automobile was involved in a collision in Glendale Heights, Illinois, with a vehicle being driven by Linda Hix. Both Marjorie and Arthur sustained serious injuries as a result of the accident.

Marjorie and Arthur Nelson subsequently filed suit against Linda Hix in the circuit court of Du Page County. After filing suit, Arthur settled his claim against Hix for $15,000 and Arthur's suit against Hix was dismissed.

On July 30, 1982, after Arthur dismissed his suit against Hix, Marjorie Nelson filed an amended complaint in which she named her husband, Arthur, an additional defendant and amended her complaint against Hix. Count I of the amended complaint alleged various acts of negligence by Linda Hix. Count II alleged various acts of negligence by Arthur.

After filing the amended complaint, Marjorie died of causes unrelated to the accident. Stephen Nelson, her son, was named special administrator of Marjorie's estate and was substituted as plaintiff in the lawsuit.

Arthur then filed a motion to dismiss count II of the amended complaint on the ground that the suit against him was barred by the interspousal tort immunity statute in effect in Illinois at the time of the accident. (Ill.

Rev. Stat. 1983, ch. 40, par. 1001.) The trial judge found that Illinois law, which barred the suit, rather than Canadian law, which would have permitted the suit, applied and dismissed Arthur as a defendant.

Following various motions not relevant to this appeal, directed to plaintiff's second and third amended complaints, the plaintiff, Stephen Nelson, filed a fourth amended complaint on behalf of Marjorie's estate. The first two counts were brought under the Survival Act (Ill. Rev. Stat. 1983, ch. 110½, par. 27—6) against Hix and Arthur Nelson, respectively. The third and fourth counts were brought under the Wrongful Death Act (Ill. Rev. Stat. 1983, ch. 70, pars. 1 through 2.2) again against Hix and Nelson, respectively.

On Arthur's motion, the trial judge dismissed count II against Arthur, and allowed the plaintiff to voluntarily dismiss count IV, the remaining count against Arthur. The trial judge also allowed the plaintiff's motion to voluntary dismiss counts I and III of the amended complaint against Linda Hix, and Hix was dismissed from the lawsuit without prejudice to further action.

The plaintiff appealed the trial court's dismissal of count II against Arthur. On appeal, the appellate court found that Marjorie had been married to Arthur at the time of the accident, and that the Nelsons resided in Ontario, Canada. The appellate court noted that at the time of the accident an Illinois statute prohibited spouses from suing one another for a tort to the person committed during coverture (Ill. Rev. Stat. 1979, ch. 40, par. 1001), but that the law of Ontario, Canada, permitted such suits (Family Law Reform Act, Ont. Rev. Stat., ch. 152, §65(3)(a) (1980)). Relying upon *Wartell v. Formusa* (1966), 34 Ill. 2d 57, the appellate court held that the law of the marital domicile applied in resolving the question of whether one spouse can maintain an action in tort against the other and, based on the law of Ontario that

allowed such suits, reversed the judgment of the trial court. (146 Ill. App. 3d 486.) We allowed Arthur's petition for leave to appeal. 107 Ill. 2d R. 315(a).

The defendant, Arthur Nelson, argues that Illinois' conflict of law rules require the application of Illinois law, rather than the law of the marital domicile, in resolving the question of whether or not the spouse can maintain an action in tort against the other in Illinois. The defendant also argues that under the doctrine of comity, the law of Canada that allowed interspousal suits is not binding upon Illinois courts. He further contends that the Canadian law that allowed interspousal suits violated the public policy of Illinois at the time of the accident, and that Illinois courts should, therefore, refuse to follow it. The defendant finally asserts that the Illinois law that barred interspousal tort suits was procedural, and that under accepted conflict of laws analysis, Illinois law should be applied as a matter of forum law.

The plaintiff contends that under Illinois' conflict of law rules, the law of the marital domicile must be applied to determine whether one spouse may maintain an action in tort against the other. He also argues that the principles and policy behind the doctrine of comity are best served by recognition of the plaintiff's cause of action. He further argues that whether one spouse may sue the other in tort is a matter of substantive law and that on this question the law of the marital domicile should apply.

We note initially that under the Restatement (Second) of Conflict of Laws, a court is usually to apply its own local law to issues relating to the conduct of litigation and judicial administration. (Restatement (Second) of Conflict of Laws §122 (1971) (Restatement (Second)).) The Restatement (Second), however, has abandoned the substantive-procedural approach in determining whether to apply the law of the forum or some other jurisdiction

to resolve other issues in the case. Rather than classifying an issue as substantive or procedural, the Restatement (Second) instead focuses on other factors set forth in the Restatement (Second) to determine whether to apply the law of the forum or some other jurisdiction to resolve the issue. Restatement (Second) of Conflict of Laws §122, comment b (1971).

We are presented here with laws which were in conflict on the date of the accident on the question of interspousal tort immunity. On the date of the accident, section 1 of "An Act to revise the law in relation to husband and wife" provided:

"A married woman may, in all cases, sue and be sued without joining her husband with her, to the same extent as if she were unmarried; provided, that neither husband nor wife may sue the other for a tort to the person committed during coverture." Ill. Rev. Stat. 1979, ch. 40, par. 1001 (the Immunity Act).

The Family Law Reform Act 1975, of Ontario, Canada, the place of the Nelsons' residence, which was in effect at the time of the accident provided:

"[E]ach of the parties to a marriage has the like right of action in tort against the other as if they were not married." Ont. Rev. Stat., ch. 152, §65(3)(a) (1980).

In *Wartell v. Formusa* (1966), 34 Ill. 2d 57, presenting substantially the same issue presented in this cause, the court adopted the view of the Restatement (Second) of Conflict of Laws (Tent. Draft No. 9 (1964)) (the precursor to the present Restatement (Second) of Conflict of Laws (1971)), concerning which State's law to apply when confronted with laws of different States governing interspousal tort immunity.

In *Wartell*, a married couple, both residents of Illinois, were involved in an automobile accident in Florida. Mr. Wartell died and Mrs. Wartell later brought suit in the circuit court of Cook County against the executor of

her husband's estate. Both Illinois and Florida law barred an action by one spouse against the other for a tort committed during coverture. Because the plaintiff was challenging the constitutionality of interspousal immunity, the court was asked to determine which State's law applied to the action. In *Wartell*, the court stated:

> "[T]he distinct question of whether one spouse can maintain an action in tort against the other spouse is clearly a matter which should be governed by the law of the domicile of the persons involved." *Wartell*, 34 Ill. 2d at 59.

The defendant argues that the decision in *Wartell* should not serve as precedent in the present cause because the court in *Wartell* decided only that between similar laws of two different States, both barring interspousal tort suits, the Illinois law on the question should apply in Illinois courts to a suit between spouses who were residents of Illinois at the time of the accident. The defendant correctly notes that the court in *Wartell* was not asked to decide whether Illinois courts should enforce a conflicting State law that allowed interspousal tort suits in a tort action brought in Illinois between spouses who were residents of the other State.

We believe, however, that the analysis of *Wartell* and the policy behind section 169, which *Wartell* adopted, support the application of the view that the law of the couple's domicile should govern the question of whether one spouse can sue the other in tort.

In *Wartell*, the court stated that Illinois had a predominant interest in the preservation of the marriage relationship of its citizens and applied Illinois law. (*Wartell*, 34 Ill. 2d at 59.) In analyzing the issue, the court adopted the approach suggested by the Restatement (Second) of Conflict of Laws (Tent. Draft No. 9, par. 390g (1964), the precursor to the present section 169 of the Restatement (Second) of Conflict of Laws (1971)).

Section 169 states:

"(1) The law selected by application of the rule of §145 determines whether one member of a family is immune from tort liability to another member of the family.

(2) The applicable law will usually be the local law of the state of the parties' domicile." (Restatement (Second) of Conflict of Laws §169 (1971).)

Section 169 recognizes that the marital domicile retains a paramount interest in the incidents of the family relationship and that the law of the domicile should govern whether interfamily tort immunity exists. Restatement (Second) §169, comment b at 507.

Although section 169 states that the applicable law governing interspousal immunity issues will usually be the law of the parties' domicile, it further states that the law "selected by application of the rule of §145 determines" the issue. (Restatement (Second) of Conflict of Laws §169 (1971).) This court has previously adopted the choice-of-law analysis suggested in section 379 of the Restatement (Second) of Conflict of Laws (Tent. Draft No. 9 (1964)). (See *Ingersoll v. Klein* (1970), 46 Ill. 2d 42.) This section has subsequently been adopted by the American Law Institute, with minor substantive changes, as section 145 of the Restatement (Second) of Conflict of Laws (1971). Under section 145 of the Restatement (Second), the rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the State which has the most significant relationship to the occurrence and the parties.

Section 145 states:

"(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in §6.

(2) Contacts to be taken into account in applying the principles of §6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue." Restatement (Second) of Conflict of Laws §145 (1971).

In the case before us, both the injury and the accident occurred in Illinois. Both the plaintiff and the defendant husband, however, were residents of Ontario, Canada, and the marital relationship was centered in Ontario. Section 145 notes that "[t]hese contacts are to be evaluated according to their relative importance with respect to the particular issue." (Restatement (Second) of Conflict of Laws §145 (1971).) Because the question here is whether to apply a Canadian law that allows interspousal tort suits rather than the Illinois law that, at the time of the accident, prohibited such suits, the domicile of the parties and the place where their marital relationship was centered is, in our opinion, more important to a resolution of the issue than where the accident and injury occurred.

Section 145 directs courts to consider the applicable contacts in light of the relevant general principles embodied in section 6 governing all choice-of-law decisions (Restatement (Second) of Conflict of Laws §145(1) (1971)). Section 6 sets forth seven general principles for courts to consider in determining which State has the most significant relationship to the parties and the occurrence. Of relevance to this action, section 6 requires consideration of the relevant policies of the forum; the relevant policies of other interested States and the relative interests of those States in the determination of the issue in question; and the basic policies underlying the

particular field of law, in making the choice of law. Restatement (Second) of Conflict of Laws, §§6(b), (c), (e) (1971).

We note that section 169 of the Restatement (Second) recognizes that the "[s]tate of domicile is the one most concerned with the well-being of the spouses and protection of the marital relationships, and it is upon this that it bases its claim to primary interest in the outcome of the conflicts situation." (Felex, *Interspousal Immunity in the Conflict of Laws: Automobile Accident Claims*, 53 Cornell L. Rev. 406, 418 (1968).) The State of domicile, moreover, "has the primary responsibility for establishing and regulating the incidents of the family relationship." *Emery v. Emery* (1955), 45 Cal. 2d 421, 428, 289 P.2d 218, 223.

Illinois, on the other hand, has little interest in regulating the right of married foreign citizens to maintain actions in tort against each other. Because the Nelsons are not citizens of Illinois, this State has no governmental interest in the preservation of their marital relationship. Although Illinois possesses an interest in not having its courts used for collusive lawsuits, we believe that this interest is not furthered by barring interspousal tort suits by citizens of other States or countries.

Further, Ontario's interest in regulating the incidents of the family relationships of its domiciliaries outweighs any interest Illinois may have in protecting the expectations of insurance carriers who have issued policies here. The Nelsons rented a car licensed and registered in Illinois, and purchased insurance covering the automobile for the rental period from an Illinois insurer. The insurance policy did not provide that claims under the policy were to be governed by the laws of Illinois. Automobiles are by their nature mobile, and insurers are on notice that they may be driven to States which prohibit interspousal tort suits by persons from jurisdictions that have

abrogated that immunity. See *Nationwide Mutual Insurance Co. v. Perlman* (1983), 187 N.J. Super 499, 455 A.2d 527.

The defendant argues under the doctrine of comity, courts are not required to give effect to laws which violate their States' public policy and that Illinois should not recognize or apply the law of Ontario at issue here. Comity is an older doctrine which "was generally accepted as an operational theory in the courts during the half century from 1850-1900." (E. Scoles & P. Hay, Conflict of Laws 13 (1984).) We note, too, that effective January 1, 1988, Illinois has amended its law to permit interspousal tort suits. (Pub. Act 85—625, eff. Jan. 1, 1988 (amending Ill. Rev. Stat. 1985, ch. 40, par. 1001).) In any event, comity never required courts to recognize or refuse to recognize a foreign law. Comity only provided a means for courts to refuse to apply foreign law which was clearly contrary to the "public morals, natural justice or the general interest of the citizens of this State." (*Wintersteen v. National Cooperage & Woodenware Co.* (1935), 361 Ill. 95, 101.) We cannot say that at the time of the accident, the law of Ontario was clearly contrary to the public morals, natural justice or the general interest of the citizens of this State.

Finally, we note that many other forums have followed the Restatement's approach in applying the law of the marital domicile in conflict cases involving the question of interspousal immunity. See *Edmunds v. Edmunds* (D.C. Cir. 1972), 353 F. Supp. 287; *Tucker v. Norfolk & Western Ry. Co.* (E.D. Mich. 1975), 403 F. Supp. 1372; *Potter v. St. Louis-San Francisco Ry. Co.* (8th Cir. 1980), 622 F.2d 979; *Zurzola v. General Motors Corp.* (3d Cir. 1974), 503 F.2d 403; *LeBlanc v. Stuart* (D. Vt. 1972), 342 F. Supp. 773; *Armstrong v. Armstrong* (Alaska 1968), 441 P.2d 699; *Schwartz v. Schwartz* (1968), 103 Ariz. 562, 447 P.2d 254; *Emery v. Emery*

(1955), 45 Cal. 2d 421, 289 P.2d 218; *Johnson v. Johnson* (1966), 107 N.H. 30, 216 A.2d 781; *Koplik v. C. P. Trucking Corp.* (1958), 27 N.J. 1, 141 A.2d 34; *Robertson v. Estate of McKnight* (Tex. 1980), 609 S.W.2d 534; *Haumschild v. Continental Casualty Co.* (1959), 7 Wis. 2d 130, 95 N.W.2d 814.

For the reasons stated, we hold that the domicile of the parties involved in the present case controls the law that is to be applied in resolving the question of interspousal immunity. Because both plaintiff and defendant were residents of Ontario, Canada, we find that Ontario law applies and that the suit is not barred in Illinois.

*Judgment affirmed.*