CATHERINE L. PINORSKY, Plaintiff-Appellant, v. JAMES M. PINORSKY, Defendant-Appellee.

Fifth District  No. 5—90—0652

Opinion filed July 5, 1991.

Zimmerly, Gadau, Selin & Otto, of Champaign, for appellant.

Janett S. Winter-Black, of Dilsaver, Nelson & Winter-Black, of Mattoon, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

On October 22, 1987, plaintiff, Catherine L. Pinorsky, was a passenger in an automobile driven by defendant, James M. Pinorsky, her husband. An accident occurred on Interstate Highway 70 in Effingham County, Illinois, and plaintiff was injured. Plaintiff sued her husband on the theory of negligence. A motion to dismiss was filed by the defendant and granted by the trial court. It is from this dismissal the plaintiff appeals.

The plaintiff and defendant were domiciled in the State of Florida. The defendant's motion to dismiss the cause was based upon the theory that Florida law bars an action by one spouse against the other for a tort committed during coverture.

The plaintiff argues that the law in Illinois should apply, and that after its 1988 amendment, section 1 of "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1987, ch. 40, par. 1001, as amended by Pub. Act 85—625, eff. Jan. 1, 1988), abolishing interspousal immunity in Illinois, applies retroactively to allow this action.

The first issue raised by plaintiff is whether the law of Illinois or the law of Florida applies in resolving the question of whether or not one spouse can maintain an action in tort against the other.

A reviewing court, on an appeal from a successful motion to dismiss, must take the facts alleged in the complaint as true. (*Lakeview Medical Center v. Richardson* (1979), 76 Ill. App. 3d 953, 395 N.E.2d 405.) In this case, the complaint alleges that the plaintiff was a passenger in a car driven by defendant in an accident that occurred on October 22, 1987, in Effingham County, Illinois. The complaint further alleges that the defendant negligently operated his vehicle and that as a direct and proximate result of that negligence, plaintiff was injured. For the purpose of the motion to dismiss, the following facts are accepted as true:

(1) The accident occurred in Effingham County, Illinois, on October 22, 1987.

(2) That on the date of the accident, plaintiff and defendant were husband and wife.

(3) That on the date of the accident, the plaintiff and defendant were domiciled in the State of Florida, and that neither plaintiff nor defendant resided in nor claims domicile in the State of Illinois.

(4) That the plaintiff and defendant were married in 1940 in Champaign County, Illinois.

(5) That prior to and subsequent to the accident, the plaintiff and defendant owned real estate in Illinois.

(6) That the plaintiff and defendant spent approximately five months per year in the State of Wisconsin.

It was further stipulated that in the State of Florida, a claim is barred by virtue of the common law doctrine of interspousal tort immunity. The defendant claims that the State of Illinois by statute also bars the claim. The plaintiff takes issue with the barring of interspousal immunity in Illinois.

The supreme court of Illinois in *Wartell v. Formusa* (1966), 34 Ill. 2d 57, 59, 213 N.E.2d 544, 545, stated:

"In our opinion, the law of Illinois clearly applies in this case. We can think of no reason why Florida law should control the question whether a husband and wife domiciled in Illinois should be able to maintain an action against each other for a tort committed during coverture. The fact that the alleged tortious act took place in Florida is of no significance in determining which law should govern the determination of this issue. The law of the place of the wrong should of course determine whether or not a tort has in fact been committed, but the distinct question of whether one spouse can maintain an action in tort against the other spouse is clearly a matter which should be governed by the law of the domicile of the persons involved. Here the domicile is Illinois."

In *Wartell*, the parties were domiciled in Illinois, plaintiff was injured in Florida, and suit was filed in Illinois. The trial court held that the law of Illinois, the State of domicile, prevailed and, as indicated above, the supreme court was unequivocal in its holding.

In 1988, the Illinois Supreme Court in *Nelson v. Hix* (1988), 122 Ill. 2d 343, 522 N.E.2d 1214, again discussed the spousal immunity doctrine.

In *Nelson v. Hix*, a tort action was brought by the wife against the husband in the Illinois courts. In *Hix*, the tort occurred in Illinois, but the parties were residents and domiciled in Ontario, Canada. The court held that the suit was not barred by the Illinois spousal immunity doctrine where both parties were residents of Ontario, Canada, which permits such suits. The court in *Hix* analyzed the Restatement (Second) of Conflict of Laws sections 169 and 145 (1971).

Section 169 states:

"(1) The law selected by application of the rule of §145 determines whether one member of a family is immune from tort liability to another member of the family.

(2) The applicable law will usually be the local law of the [S]tate of the parties' domicile." Restatement (Second) of Conflict of Laws §169, at 506 (1971).

■ Section 169 recognizes that the marital domicile retains a paramount interest in the incidents of the family relationship, and that the law of the domicile should govern whether interfamily tort immunity exists. It further states that the law "selected by application of the rule of §145 determines" the issue. Restatement (Second) of Conflict of Laws §169 (1971).

Section 145 states:

"(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the [S]tate which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in §6.

(2) Contacts to be taken into account in applying the principles of §6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue." (Restatement (Second) of Conflict of Laws §145, at 414 (1971).)

Applying the restatement, the court held:

"Because the question here is whether to apply a Canadian law that allows interspousal tort suits rather than the Illinois law that, at the time of the accident, prohibited such suits, the domicile of the parties and the place where their marital relationship was centered is, in our opinion, more important to a resolution of the issue than where the accident and injury occurred." *Nelson v. Hix* (1988), 122 Ill. 2d 343, 350, 522 N.E.2d 1214, 1217.

■ The plaintiff argues, however, that there are additional factors in the instant case and that subsection (d), "the place where the relationship is centered," applies. The additional two factors to which

the plaintiff directs this court's attention are: (1) the parties were married in Illinois in 1940, and (2) they presently own property in Illinois. We reject this argument. We believe that, even with the above factors considered, Illinois has little interest in regulating the right of married citizens of other States to maintain actions in tort against each other. The reasoning in *Hix* is the present state of the law.

"[W]e hold that the domicile of the parties involved in the present case controls the law that is to be applied in resolving the question of interspousal immunity." (*Nelson v. Hix* (1988), 122 Ill. 2d 343, 353, 522 N.E.2d 1214, 1219.)

Therefore, the law of the State of Florida prevails.

Since the law of Illinois does not apply to the issue of interspousal immunity in this case, we decline to consider the issue of retroactivity of the Illinois statute.

For the reasons stated, we affirm the circuit court of Effingham County.

Affirmed.

WELCH and HARRISON, JJ., concur.